## FRANK METZGER *v.* JOHN W. WADDELL.

JURISDICTION, DETERMINATION OF, FROM ADDRESS OF PETITION.—Where the petition in an action on a note is addressed to the judge of a particular judicial district, "holding session in and for" a particular county, in which no United States court is held, and the parties are described as "residents" of Missouri and New Mexico respectively, the territorial court of the particular county is presumed to be the court intended, and has jurisdiction of the cause.

JUDGMENT BY DEFAULT MAY BE ENTERED ON SECOND DAY OF TERM.—It is not error to enter a default and render final judgment thereon against a defendant, on the second day of the term, where he has been served with process, and, being called on that day, does not appear in person or by attorney.

Argument for Appellant.

JUDGMENT RENDERED WITHOUT INTERVENTION OF JURY.—After a default in an action on a note, or in any other action in which the amount sued for is certain and liquidated, or can be made certain by computation, the court may render judgment without the intervention of a jury.

SETTING ASIDE DEFAULT TO LET IN MERITORIOUS DEFENSE.—A motion to set aside a default to let in a defense on the merits is addressed to the sound discretion of the court, and will never be denied if the defendant shows that he has a meritorious defense, and has not been guilty of gross negligence.

DEFAULT NOT SET ASIDE WHERE DEFENDANT GROSSLY NEGLIGENT.—A default will not be set aside even though the defendant has a meritorious defense, if it appears that he willfully and grossly neglected to make such defense after being repeatedly informed, by attorneys of the court, of his rights, and of his duty as to making such defense.

DEMAND AGAINST MAKER, WHAT SUFFICIENT.—A demand at any time before suit, is sufficient in an action against the maker of a note, and if a demand is alleged a default confesses it.

APPEAL from the district court for Mora county. The opinion states the case.

*Kirby Benedict,* for the appellant.  1. The setting aside of a default rests in the sound discretion of the court, a discretion intended to supply remedial justice in cases, the circumstances of which can not be clearly foreseen, and upon which the judge must act when they arise. This discretion is a legal discretion, not to be exercised through caprice, prejudice, ignorance, or carelessness; but for the promotion of justice. It is a kind of equitable principle applied to the practice of courts, and is never to be exercised to defeat, hinder, obstruct, or embarrass justice. It ever extends its hand to aid in obtaining right and resisting wrong; otherwise it is a " discretion abused," which an appellate court will hasten to correct. Furtherance of the right is the object of all judicial discretion. Were it not so the courts would be the most odious of tyrants, to be dreaded by all suitors asking nothing but justice.

2. The defendant below was not chargeable with gross negligence. Much stress is laid upon the order of the court in September, 1865. The affidavit of R. H. Tompkins aids in explaining that order. He was not the attorney of Metzger; had never been employed by him. He arose, in the case, when called as an attorney of the court and not otherwise;

in other words, he arose as *amicus curiæ*, and gave certain information to the court. Upon this the court gave "leave," not an order, that he might answer by the first day of January next. It is said Metzger was informed he must make his answer. He denies he knew there was any compulsory order upon him. His denial is in no manner disproved by the substance of the affidavits filed by the plaintiff below. The court of September, 1865, seems to have acted upon the mere professional statement of one of the attorneys practicing before it. If the action of the court, however well intended, in furtherance of justice, tended to mislead the defendant as to what he should do in his own defense, he should not be deprived of the presentation of his case upon its merits. It has never been the practice of the courts in New Mexico to finally shut down upon a party all right to be heard upon the merits of his case, because he did not answer upon the second day of the term. For reasons growing out of the strictness of the laws in some counties, the law was so modified as not to compel the court to wait till the third, nor was it required to act any certain day. That statute now exists. It contemplates that upon the calling of all causes, the court shall grant such time to plead, answer, and defend, as the nature and circumstances of the case shall seem to demand. It is well known that in the county of Mora it has seldom been that the officers have so arrived as more than to complete the organization of the court, with the juries, upon the first day of the term. There is but one resident lawyer in the county. The default was in this case taken early on the second day of the term.

3. The defendant had the whole term in which to move to set aside the default. That term was two weeks. Judgment was rendered against him upon the twenty-seventh; on the twenty-ninth he moved to set it aside. On a subsequent day of the same term he filed his grounds of merits. These are substantially and tacitly admitted by all the affidavits filed by the plaintiffs below, and the proceedings in the case. The merits disclosed by the defendant below are manifest to the court. If he shall be denied the right to avail himself of them, then he is made to pay twice, and more, too; a

debt he was always willing to pay and did pay so soon as lawfully required.   If this court hold that he, by his negligence or laches, forfeited to the plaintiff in the court below, more than four thousand five hundred dollars, he can have no hope of redress in any court of equity in New Mexico. His loss and injury will be final and complete, and without remedy.

*Charles P. Clever*, for the appellee.

By Court, SLOUGH, C. J.:

This cause is appealed from the district court of the first judicial district, Mora county.   It appears from the record that Waddell, the plaintiff in the court below, brought his action against Metzger the defendant, in the month of July, 1865, for the recovery of the amount of a note for the sum of three thousand three hundred and thirty dollars, made by the said Metzger, payable to the order of Russell Majors and Waddell, in three months after date (January 12, 1860), which was indorsed by them to the said plaintiff. It further appears that on the twelfth day of August, 1865, the said Metzger was duly served with process, and thereby required to answer the said plaintiff's petition, on the "fourth Monday after the first Monday of August, 1865."

It further appears that at the September term of said court, the said Metzger failed to answer as required by said process; that at said term, R. H. Tompkins, Esq., a member of the bar, as a friend of the court, appeared, and requested for said Metzger time until the first day of January, 1866, to plead, which motion was allowed by the said district court; that on the second day of the next (March) term of said court, the following proceedings were had in the case:

"JOHN W. WADDELL
        *v.*          } Assumpsit.
FRANK METZGER.

"Now this day comes the said plaintiff, by his attorney, and it appearing to the satisfaction of the court, that the said defendant has been duly served with process, and

though solemnly called, came not, but made default, where-
upon it is considered by the court that the said plaintiff
ought to recover his damages by reason of the premises,
and no jury being required, the court being fully advised
in the premises, does assess his damages four thousand five
hundred and twenty dollars and forty-nine cents. It is
therefore considered by the court, that the said plaintiff
recover of the said defendant, the said sum of four thou-
sand five hundred and twenty dollars and forty-nine cents,
his damages assessed as aforesaid, and also his costs in
this behalf expended, to be taxed, and that execution issue
therefor."

It further appears that on the fourth day of said term, the
said Metzger made his motion in writing to set aside and
make null the judgment rendered against him in the cause,
which motion was overruled.

It further appears that on the sixth day of said term the
said Metzger made his motion to set aside the judgment
and default in this case, based upon affidavit of said de-
fendant filed in said court, which affidavit among other
things sets forth and says, "that since the said judgment was
rendered he has been informed for the first time, that the
court at said last term made an order requiring this defend-
ant to plead in this action by the first day of January last,"
"and for this reason he took no steps to make any answer
or plea." He now repeats, he knew nothing of the order of
the court of the last term which required him to plead by the
first day of January last in explanation of his not having
been present by himself or attorney at the calling of this
cause at the present term; that he was ignorant of the
necessity of his answering by writing the plaintiff's action;
that from what he had heard, all he would be required to
do in his defense in the present action would be the appear-
ing in court when he should be called, and show to the
court the receipts mentioned.

It further appears that on the eighth and ninth days of
said term, the plaintiff filed counter affidavits of R. H.
Tompkins and M. Ashurst, Esqs., and Adam Hesmer,
which affidavits show that the said Tompkins, attorney-at-

law, during the said September term of said court, "personally called upon the said defendant, the said Frank Metzger, and informed him of the order of the court in the premises, and also explained to him what was required of him in the defense of the said action;" that he had, as an attorney, before and at the same time "informed the court that the said defendant could not plead to the action of the said plaintiff during that term, for the reason that certain receipts, copies of which had to be filed with such plea or answer, were then in Santa Fe, and not within the reach of said defendant; that upon the representation of this affiant, the said court then granted leave to the said defendant to file his answer to said action on or before the first day of January, 1866." That afterwards, and as he believes, about the middle of the month of November, 1865, he wrote to Frank Metzger, "informing him again that he, the said defendant, would have to answer said action on or before the first day of January, 1866." That he wrote him not to procure a fee, "but only to apprise him of what was required of him in the defense of his said cause." That he received an answer to his said letter, signed Frank Metzger, informing him that his (Tompkins') letter had been received. "That he (Frank Metzger) knew his own business, and that if his (this affiant's) advice in the matter should be desired, he (Frank Metzger) would inform him (this affiant) thereof." The receipt of this letter of Tompkins is confirmed by the affidavit of Hesmer.

The affidavit of M. Ashurst, Esq., attorney-at-law, shows "that some time in the month of November or December, 1865, he wrote a letter to Frank Metzger, the defendant in the above-entitled cause, informing him that it was necessary for him to file his answer in the above-entitled cause on or before the first day of January, 1866; that he has received no answer to the same, and does not know whether the said defendant received said letter or not."

Hesmer swears that he was Metzger's clerk in November, 1865; that Tompkins' letter was received by Metzger, and that Metzger signed a response to the same. He further says, "that some time during the week preceding the

commencement of the session of the present term of the
district court in the county of Mora, Theodore D. Wheaton,
Esq., attorney-at-law, in the presence of this affiant, called
upon the said Frank Metzger, in his (Metzger's) store, and
handed to him (Metzger) some papers, which he, the said
Wheaton, said were copies of records, which he had pro-
cured for him (Metzger) from the clerk of the district court
at Santa Fe, and for which he (Metzger) owed the said
clerk the sum of twelve dollars and seventy-five cents; that
upon the refusal of the said Metzger to receive said pa-
pers or records from said Wheaton, said Wheaton stated to
Metzger that he had better receive them, as he would need
them to make his defense in the above-entitled cause, upon
which Metzger remarked that he knew his own business, or
words to that effect."

The affidavit of Metzger exhibited many items going to
show that he had a meritorious cause of defense to said
action.

Various motions were made by plaintiff and defendant,
and bills of exceptions signed. The appellants' assign-
ment of errors sets up many grounds of error, and asks of
this court to reverse the action and judgment of the court
below; therefore we will proceed to examine them in the
order of assignment.

It is claimed, first and second, that the court erred in
taking jurisdiction of the parties and cause. As the petition
all the way through shows that it was the intention of the
plaintiff to bring his suit in the court sitting for the trial
of causes arising under the laws of the territory, and not
in the court sitting for the trial of causes arising under the
constitution and laws of the United States, this objection
is not tenable. The petition is addressed to the then judge,
as "judge of the first judicial district court, holding ses-
sion in and for the county of Mora." The description of
residence, instead of citizenship, goes to strengthen this view.
If intended to be brought in the United States district court,
the petition would have so stated, and the parties, instead
of being described as residents of Missouri and New Mexico
respectively, must necessarily have been described as citi-

zens of those places, to give the court jurisdiction. There is no United States court held in Mora county. The court there held is a territorial court, held under the laws of the territory; and in such cases as the present, had concurrent jurisdiction with the United States court for the district, and which is held in Santa Fe.

The next is that "the court erred in rendering a final judgment against the defendant upon the first calling of him upon the second day of the term." There is no statute of the territory forbidding the entry of a judgment by default on the second day of a term, neither is there any law forbidding the entry of a final judgment at any time after a defendant is defaulted. In this cause the party had failed to answer, although served with process, and had been called at the court-house door, was clearly in default, and the right had, therefore, accrued to the plaintiff to take his judgment, not only by default, but as well his final judgment. This court knows of neither law nor practice of the courts in this territory to forbid such action.

The next is, in addition to the last, that the court erred "in finding such final judgment without the intervention of a jury." The statutes of the territory except from the necessity of a trial by a jury causes in which the sum in controversy is certain or liquidated. This is such a cause, this suit being upon a promissory note, and requiring nothing to determine the amount, but a simple calculation of the principal and interest upon the same from the date of its maturity. The sum was certain and liquidated. No jury was therefore required.

The next, viz., the fifth, sixth, and seventh, are to the effect that the court below erred in not sustaining the motions to set aside the default and judgment and permit the defendant to plead and have a trial upon the merits of the action. This is the important question raised in this cause. Motions of this kind are addressed to the sound discretion of a court, and in all ordinary cases where merit is shown, the courts consider it the exercise of a sound discretion to grant such motions. In the effort to administer justice, which is the plain duty of all courts, such a motion

is never refused unless there is no merit in the defense set up, or there has been gross negligence on the part of a defendant. In the effort to administer justice, courts must look to the rights of all the parties litigant, and be guided by the lights of the decisions of other courts upon similar questions, under similar circumstances.

Metzger sets up a good defense to the action in his affidavit. The only question, then, is, was he guilty of gross negligence in his failure to answer or plead in this case? Did he so sleep upon his rights—did he so neglect his duty to himself, as to forfeit the ordinary right to be heard in a court in his defense to this action. This court is of the unanimous opinion that under the circumstances of this case he willfully and grossly neglected his rights until the court could not, in the exercise of a sound discretion, set aside the default against him and open up the judgment rendered. The affidavits show conclusively that at least two members of the bar, attorneys of this court, of respectability, advised him of his duty; of the necessity for him to plead to the action; of what was necessary to his defense, etc. Mr. Wheaton went so far as to tender him papers, just before the meeting of the court, at which judgment was rendered against him, which he had not only neglected to obtain, but refused to receive and use. Not only did he refuse to act upon the gratuitous advice of these men skilled in the legal profession, but spurned their friendly advice and action with insult.

Metzger failed to answer when required by the original writ; failed to answer by the first of January, 1866, to which time the court, although he was then in default, allowed him to file his answer; failed to plead or make any preparation to do so, refusing offers of aid and advice on the first day of the second term of said court, which was held nearly eight months after he was originally served; failed to answer on the second day of said term, or even to be in attendance, although he swears that he was at his place of business, three or four doors from the court-house, at Mora, at the time, and failed to make any effort to appear in any manner until two days after the default was rendered and the judgment entered in the cause.

Frank Metzger not only failed under all these circumstances and during this long time to answer, but met advice kindly given to aid and assist him with scorn and insult.

It will be noticed that Metzger's affidavit of merits was filed four days after the default and judgment. It is true that Metzger swears that he did not know that he had to answer in writing, or that he had to answer by the first day of January, 1866; pleads ignorance of his duty to himself and the court; but as his oath is that of a party deeply interested, and as he is contradicted in these very material matters, so fully and so directly, the court is driven to the necessity of discrediting and disbelieving his sworn statement in this respect. The court is constrained from all the facts presented to believe that Metzger stubbornly and willfully, with a full knowledge of his duties to the court, refused to plead and permitted the default, and thereby denied to himself the rights he now sets up. Metzger is estopped by his own conduct, and can not, if wrongfully compelled to pay the amount of the judgment in this case, blame any one but himself. It rarely occurs in the history of jurisprudence that such a case of gross negligence is shown as in this case is presented.

The last error claimed is that, "the court erred in rendering judgment against the defendant without any proof of the presentation of the note sued upon at the place at which it was specified to be paid, and the refusal of payment, and the notice to the defendant." It is a well-settled principle of the law merchant, that as against the maker of a note, a demand at any time before suit is brought is all that is necessary. In this case the demand is alleged. To hold an indorser, a demand on the day of maturity of a note, and notice of non-payment given to him, is necessary. Never to hold a maker is this required. The default which Metzger permitted was a confession of the allegations of the petition, that of demand among others.

This court therefore approves and confirms the proceedings and judgment of the court below, with costs, and remands the case for its further action.