315 P.2d 228

RANCHERS EXPLORATION & DEVELOP-
MENT COMPANY, a Corporation,
Plaintiff-Appellee,

v.

Russell BENEDICT, James Locke, John Thompson, also known as John Tom, Oliver Johnson, Van Horne Drilling Company, Defendants-Appellants.

No. 6231.

Supreme Court of New Mexico.

Sept. 5, 1957.

164

J. H. Burttram, Harold A. Roberts, Santa Fe, for appellants.

Chavez & Cowper, Belen, for appellee.

TACKETT, District Judge.

The appellants seek a reversal of an adverse judgment rendered against them in the trial court for McKinley County and rely upon three points for reversal.

1. That "The Court erred, and abused its discretion, in not granting appellants' Motion to set aside the default judgment rendered against them."

2. That "Although the setting aside of a default judgment is within the sound discretion of the trial judge, when appellants had been surprised, had been unable to afford counsel, had entered their personal appearance and had not been notified of application for final judgment, had a good and meritorious defense, had not had their day in Court, and there was no showing by appellee that it would be injured thereby, the trial judge abused his discretion by not setting aside the default judgment."

3. That "When appellants had entered an appearance in the cause, the failure of plaintiff-appellee to give them three days' written notice of the application for default judgment constituted lack of due process."

For the purposes of this appeal Ranchers Exploration & Development Company, a New Mexico corporation, plaintiff, will be referred to as appellee, and Russell Benedict and James Locke, defendants, will be referred to as appellants.

No record having been made of the testimony taken in the case, therefore, the facts, for the purpose of this appeal, must be taken to be the findings of the trial court, included in its two orders, together with the pleadings, being the complaint and amended complaint.

It appears that on May 2, 1956, appellee filed its complaint in Cause No. 9269 of the district court in and for McKinley County, in which it set up ownership of certain unpatented lode mining claims, alleging, among other things, continuing acts of trespass on the part of appellants and others and praying for injunctive relief, both temporary and permanent. On the same day, appellee posted bond and secured an "Order to Show Cause and Temporary Restraining Order" directing appellants to appear on May 10, 1956, at the hour of 9:00 o'clock A.M., before the trial court, to show cause why a temporary injunction should not issue enjoining and restraining the appellants from trespassing, core drilling and exploring on the lands described in the complaint, said lands being located in McKinley County.

On May 7, 1956, the Court, on its own order, continued the hearing until May 14, 1956. Thereafter the court in another order continued the hearing again until May 24, 1956.

It further appears from the record that the Sheriff of McKinley County served the defendants with copies of the summons and complaint on May 2, 1956. On May 24, 1956, appellants and appellee appeared in person before the Court and at that time the trial court, without entering any further order, permitted appellee to file an amended complaint, copies of which were served on appellants on May 24, 1956. The amended complaint, as in the original complaint, alleged that appellee was owner and in possession of certain unpatented lode mining claims, re-alleged continuing acts of trespass by appellants and others and prayed injunctive relief, temporary, pendente lite and permanent. Thereupon, the trial court issued an "Order to Show Cause and Temporary Restraining Order" commanding appellants to appear on June 4, 1956, to show cause why an injunction pendente lite should not issue.

On May 31, 1956, the court, by its own Order, continued the hearing until July 9, 1956, at 9:00 o'clock. It further appearing that the trial court on May 24, 1956, advised appellants personally, when they were present in Court that on July 9, 1956, they should appear and show cause why the temporary injunction should not be made permanent. Specific attention is called at this time to the fact that no responsive pleadings had been filed and on July 9, 1956, the trial court proceeded to hear the question of whether preliminary or permanent injunction should issue against appellants and others.

Appellants, after having notice of the July 9, 1956, hearing, failed to appear and as of that date had not filed any responsive pleadings or appearance of record in the case, nor that they had any defense or objection to the relief prayed for in appellee's complaint. Thereafter, the court, on July 9, 1956, having heard evidence presented by appellee, made a finding that the matters set forth in appellee's amended complaint were true and issued a permanent injunction against appellants as prayed for in appellee's complaint.

There are many dates in the issues involved on this appeal, however, those dates are most important and it appearing from the record further that on August 7, 1956, appellants filed a motion to set aside the judgment entered against them on July 9th and the trial court on October 25, 1956, heard the motion of appellants to set aside the judgment previously entered and after such hearing entered its order containing the following provisions and findings:

1. That appellants were personally advised and had actual knowledge that the Court would conduct a hearing on July 9, 1956, to determine whether the temporary injunction should not be made permanent, and had had such knowledge since May 24, 1956.

2. That appellants failed to appear or otherwise advise the court as to their objections to the entry of a permanent injunction or as to any good and meritorious defense which they might have.

3. That the motion of appellants failed to set up any facts which would constitute excusable neglect for their failure to appear on the day appointed.

4. That the motion of appellants failed to set forth facts reflecting that appellants had a good and meritorious defense.

Whereupon the trial court denied appellants' motion to set aside the judgment.

It further appears that appellants offered no objections or exceptions to the findings of the court either in this order or in the order of May 10, 1956, nor did they offer requested findings in either instance. Thereafter, appellants appealed on November 20, 1956, from the order of the trial court of October 25, 1956.

The court desires to commend the attorneys for both appellants and appellee for the excellent briefs submitted and oral arguments substantiating their particular position in the matter.

The court is of the opinion that the main point of appellants for reversal is that the trial court abused its discretion in denying the motion to set aside the judgment rendered against them.

The appellants cite many authorities in support of their position with respect to points relied on for reversal of the trial court's judgment and place special reliance

on Section 21–1–1, Rule (55)(b), New Mexico Statutes 1953, Annotated, with respect to the three days' notice in writing prior to taking a default judgment. However, the court is of the opinion that the appellants did not use proper diligence in filing responsive pleadings and that the appellants had actual notice of the hearing to be held on July 9, 1956, and that they did not appear at this hearing to raise any objections to the matters set forth in the pleadings and thereafter the court proceeded to hear evidence and entered its judgment accordingly; that the defendants showed no excusable neglect on which to set aside the judgment of the trial court and without the necessity of setting forth in detail the legal authorities cited, suffice it to say that it was within the sound discretion of the trial court to deny the motion to set aside the judgment.

It is the opinion of the court that in the instant case the appellants have defaulted in two distinct and different ways. First, they have defaulted on the pleadings. The original complaint was served on them on May 2, 1956, and on May 24, 1956, they were served in person with the amended complaint. Yet on July 9, 1956, they had failed to plead or otherwise answer. Appellants were, therefore, in default on the pleadings from and after June 24, 1956.

Under Point III of appellants' brief they complained that appellee failed to give them the three days' notice in writing as required by Rule 55(b), New Mexico Statutes, 1953, Annotated being Section 21–1–1 (55)(b). It is conceded that formal written notice of application for default was not given, however, appellants had actual notice given to them in open court that they should appear on July 9, 1956, to show cause why a temporary injunction previously issued against them should not be made permanent. The appellants were not represented in this cause by counsel of record nor had they furnished the court any written appearance or other pleadings indicating upon whom or at what address written notice of default might be served and in spite of this failure on the part of appellants to furnish the court such information, the court attempted to advise them in writing of the hearing by sending notice thereof to another attorney of record in another case. Appellants have defaulted by their failure to appear in court at the time appointed for the trial of the issues. Therefore, appellee was entitled to proceed with the hearing and to offer evidence to sustain the pleadings. This appellee did. This was not in a strict sense a judgment by default within the meaning of Rule 55(b) of the Rules of Civil Procedure but rather a final judgment on the merits, after the introduction of evidence to sustain appellee's pleadings.

There was almost an identical case before this court in the early days of our jurisprudence being, Metzger v. Waddell, 1

168

N.M. 400. In that case the defendant appeared personally but filed no responsive pleadings. He was given notice of the date of trial but failed to appear. The plaintiff proceeded to trial in his absence and submitted evidence in support of his complaint. The trial court entered judgment for plaintiff and refused the defendant's subsequent application to set it aside. This court, in sustaining the action of the trial court, distinguishes between "judgment by default" and "final judgment" in the following language:

"In this cause, the party had failed to answer, although served with process, and had been called at the courthouse door, and was clearly in default, and the right had, therefore, accrued to the plaintiff to take his judgment, not only by default, but as well his final judgment."

The trial court did not err in denying the motion to set aside the judgment.

Since the court has ruled on Point I of appellants' points for reversal, it is unnecessary to rule on appellants' Points II and III.

Therefore, the judgment of the trial court will be affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and KIKER, JJ., concur.