327 P.2d 337

**STATE COLLECTION BUREAU, Inc., a Corporation, Plaintiff-Appellee,**

**v.**

**Joe M. ROYBAL d/b/a Joe's Ringside Inn, Defendant-Appellant.**

**No. 6364.**

Supreme Court of New Mexico.

June 23, 1958.

Donald A. Martinez, Las Vegas, for appellant.

Polansky & Grammer, Albuquerque, for appellee.

COMPTON, Justice.

Appellant, defendant below appeals from an order denying his motion to vacate a judgment, assertedly a default judgment.

The complaint was founded on contract and the material allegations were put in issue by answer. The answer also set ·forth four affirmative defenses. Pursuant to notice by mail to the parties, dated October 31, 1956, the cause was set for trial November 30, 1956. On the day set, appellant failed to appear. Nevertheless, a hearing ex parte was had and judgment was rendered for appellee. Subsequently, on January 23, 1957, appellant filed a motion to vacate the judgment. A hearing was

had thereon, following which an order was entered denying the motion, and it is from this order the appeal is prosecuted.

■ Whether the judgment should have been vacated was a matter addressed to the sound discretion of the trial court. Ranchers Exploration & Development Co. v. Benedict, 63 N.M. 163, 315 P.2d 228. Appellant strongly argues that he did not receive the notice of the hearing. He concedes, however, that letters were written, setting the cause for trial as above stated. The burden was on him and it is clear the trial court was not satisfied with the showing made. It seems appellant's counsel himself was uncertain as to whether he had received notice of the setting. He says in his motion to vacate that he "found that letters had been written * * * to the attorneys for the parties herein advising them that this matter had been set down for trial for the said 30th day of November, 1956, and that defendant's attorney has diligently searched for a copy of said notice, but has been unable to locate or find the same and believes that he did not receive such notice." On this showing, we cannot say there was an abuse of discretion in denying the motion.

■ The asserted noncompliance with § 21-1-1(55) (b) 1953 Comp., our Rule 55(b), as to notice in applying for default judgments, forms the basis of a further point argued for a reversal. Appellant relies on that part of the rule which reads:

"* * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least three days prior to the hearing on such application; * * *"

The rule has no application. It deals with applications for default judgments. Compare Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 51 A.L.R.2d 830, where we reversed for noncompliance with the three day notice provision. The difference in the cases readily becomes apparent. In the reported case, a default judgment was entered. The judgment herein was on the merits after due notice.

■ Incidentally, it is interesting to note that since our decision in the Adams & McGahey v. Neill, supra, the federal courts have about faced in construing the identical rule. Fed.Rules Civ.Proc. rule 55(b) (2), 28 U.S.C.A. They now hold that the rule is procedural rather than substantive; that jurisdiction is acquired with entry of appearance. Rutland Transit Co. v. Chicago Tunnel Terminal Co., 7 Cir., 233 F.2d 655. Since we adopted the federal rule as our own, the latter case, while not controlling, is quite persuasive and may warrant a reappraisal of the rule by this court.

278

The order will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER and Mc-GHEE, JJ., concur.

SHILLINGLAW, J., not participating.