364 P.2d 131

**COASTAL PLAINS OIL COMPANY, a corporation, Plaintiff-Appellant,**

v.

**William V. DOUGLAS, Defendant-Appellee.**

No. 6800.

Supreme Court of New Mexico.

Aug. 15, 1961.

White & Rhodes, Albuquerque, for appellant.

Tansey & Rosebrough, Farmington, for appellee.

CARMODY, Justice.

Appellant (plaintiff below) urges error by the trial court in denying appellant the right to file a reply to a counterclaim and thereafter in entering judgment which practically offset the amount sought in the complaint by the amount alleged in the counterclaim.

The record contains no testimony, no transcript of any hearing, and discloses only the following:

Appellant filed its complaint, which was timely answered by the defendant, with a counterclaim included therein. Within a few days, after the filing of the answer and the counterclaim, appellant propounded interrogatories, which dealt mainly with questions respecting the claim made in the counterclaim. The interrogatories were promptly answered by appellee. A little more than a year later, on February 16, 1960, the following stipulation was filed:

"Stipulation

"It is stipulated by counsel for plaintiff and defendant that the total amount claimed by plaintiff against the defendant under the complaint is and should be $10,125.00, which includes an earlier transaction involving $2,125.00 indebtedness. It is further stipulated

that the total amount due the defendant from plaintiff under the counterclaim is $9,815.79, which leaves a balance of $309.21 due from the defendant to the plaintiff.

"Plaintiff contends that of the amount due the defendant the sum of $4,006.16 was agreed to be paid and accepted in stock of the plaintiff corporation by the defendant, however, since the counterclaim stands undenied and the question of this additional agreement is not specifically raised by the pleadings, the Court intends to enter judgment based upon the stipulated amount due and not hear testimony regarding the additional contract not raised by the pleadings.

"Mr. Rhodes offered and petitioned the Court to be allowed to file a reply to the counter-claim or a counter-claim to the counter-claim, setting out a contract showing the $4,006.16 of the amount stipulated as being included in the $9,815.79, was paid by a contract in which the defendant agreed to accept stock of the plaintiff corporation in lieu of that amount of cash, which application was denied by the Court."

On February 19, 1960, appellant moved "to set aside that judgment ordered by the court on the 16th day of February, 1960." Also on February 19th, the record discloses that a final decree was filed, which is as follows:

"Final Decree

"The above entitled and numbered cause coming on for hearing and the plaintiff appearing by and through its attorneys, White and Rhodes, and the defendant appearing by and through his attorneys, Tansey & Rosebrough, and the court having examined the stipulation entered into by the attorneys;

"Now, Therefore, It Is Ordered, Adjudged and Decreed:

"That the plaintiff, Coastal Plains Oil Company shall not be allowed to present evidence concerning a contract off-setting the defendant's counter claim; that the total amounts (sic) claimed by the plaintiff against the defendant is and should be $10,125.00 and that the total amount claimed against the plaintiff under the counter claim is and should be $9,815.79.

"And It Is Further Ordered that the plaitiff (sic) shall have judgment in the amount of the difference, amounting to $309.21, plus court costs of $16.-70."

The only other matters in the record proper relate to the appeal to this court.

Appellant's first point is that "the refusal to allow amendment of pleadings was an abuse of discretion." It relies on Rule

15(a) (Sec. 21–1–1(15) (a), N.M.S.A. 1953), which is the same as the federal rule, Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A., and provides that leave to amend shall be freely given when justice so requires.

Whether this rule applies in a case where there is no pleading to be amended, we do not need to determine. The question is whether the trial court abused its discretion in refusing to allow the appellant to file a reply to the counterclaim, under the circumstances as disclosed by the record.

■ Appellant argues that his request was denied because it was not timely, and that appellee made no showing of prejudice. However, there is nothing in the record to bear out such a contention.

We have no way of knowing what was submitted to the trial judge, nor what the reason or reasons were for denying the motion to file a reply. On the record, there is no showing that the failure to file a reply was due to oversight, inadvertence or excusable neglect. Neither does the record disclose that the interests of justice required the allowance of appellant's request. Compare, Frank Adam Electric Co. v. Westinghouse Elec. Mfg. Co., 8 Cir., 1945, 146 F.2d 165; In re Stern's Will, 1956, 61 N.M. 446, 301 P.2d 1094.

■ The ruling of the trial court is presumed valid, and the burden was on appellant to show the manner in which the trial court abused its discretion. We will not substitute our discretion for that of the trial court.

■ Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the court below. Hobbs v. Town of Hot Springs, 1940, 44 N.M. 592, 106 P.2d 856; Fisher v. Terrell, 1947, 51 N.M. 427, 187 P.2d 387; and In re Quantius' Will, 1954, 58 N.M. 807, 277 P.2d 306.

■ Appellant lastly contends that judgment was entered by default on the counterclaim without a three-day notice as provided by Rule 55(b) (Sec. 21–1–1(55) (b), N.M.S.A.1953).

Such an assertion hardly merits discussion by reason of the fact that appellant's own motion to set aside the judgment specifically admits service of notice of hearing on the merits. We have held that the rule has no application where judgment is entered on the merits after due notice. State Collection Bureau v. Roybal, 1958, 64 N.M. 275, 327 P.2d 337. Compare, Ranchers Exploration & Development Co. v. Benedict, 1957, 63 N.M. 163, 315 P.2d 228. In addition, the judgment was entered on stipulated facts, and appellant actually recovered judgment, although in a relatively small amount.

We find no merit in either of appellant's points relied upon for reversal. The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.

CHAVEZ and MOISE, JJ., not participating.