433 P.2d 81

**Joaquin GURULE and Lala C. Gurule, his wife, Plaintiffs-Appellees,**

**v.**

**C. R. LARSON, Defendant-Appellant.**

**No. 8329.**

Supreme Court of New Mexico.

Oct. 30, 1967.

---

Threet, Threet, Glass & King, Albuquerque, for appellant.

A. L. Strong, Jacob Carian, Albuquerque, for appellees.

## OPINION

BLYTHE, District Judge.

We are asked in this appeal in effect to modify a judgment by striking a conclusion that the defendant was guilty of gross negligence, where the original complaint contained no such allegation but a trial amendment to the complaint was allowed to insert it, in the absence of the defendant, who had appeared and answered but was not present in person or by counsel at the trial. We hold that this is no ground for relief under Rule 60(b), § 21–1–1(60) (b), N.M.S.A.1953, Rules of Civil Procedure. Cf., State Collection Bureau v. Roybal, 64 N.M. 275, 327 P.2d 337 (1958).

This is a malpractice suit brought by Joaquin Gurule and Lala C. Gurule, husband and wife, against C. R. Larson, a podiatrist, for negligence in treating a broken ankle and leg of Mrs. Gurule. An answer and counterclaim for fees was filed on behalf of Dr. Larson by attorneys who before trial moved for and were granted leave to withdraw. Dr. Larson thereafter was not represented by counsel until after judgment had been entered against him. He never entered his appearance pro se. The record is silent as to how he was no-

tified of the date of trial, but in a motion to set aside the judgment he admitted that he was aware of same. He did not appear for trial.

A jury had been demanded by plaintiffs, and the judgment recites that one was impaneled. The transcript does not contain the trial proceedings, but the judgment contains findings of fact and conclusions of law made by the court after considering the defendant's deposition and "medical reports" none of which is included in the transcript. Cf., Coastal Plains Oil Company v. Douglas, 69 N.M. 68, 364 P.2d 131 (1961).

The judgment also recites that the court "allowed Plaintiffs' oral motion to amend the allegations of negligence contained in Plaintiffs' Complaint to conform as substantiated by the evidence to that of being wilful and wanton negligence," and the judgment contains conclusions of law that defendant was guilty of such negligence. Mrs. Gurule was awarded damages of $12,750, but there was no indication of whether this award included exemplary or punitive damages. Mr. Gurule was awarded $127.92 damages, the amount of wages the court found he lost while caring for his wife. They had sued originally for $35,000 and $1,717.92, respectively.

Judgment was entered on March 23, 1966, and on June 24, 1966, defendant moved under Rule 60(b), supra, to set aside the judgment on various grounds, only one of which is urged here. It is that the trial court erred in permitting a trial amendment of the complaint to introduce the element of wilful and wanton negligence, without notice to the defendant. This appeal is taken from an order denying the motion.

On appeal, however, appellant narrows his point to "THE DISTRICT COURT SHOULD HAVE GRANTED THE APPELLANT'S MOTION TO SET ASIDE ITS JUDGMENT TO THE EXTENT THAT THE JUDGMENT CONTAINED THE STATEMENT THAT APPELLANT WAS WANTONLY AND WILLFULLY NEGLIGENT." It thus appears

that the defendant objects not to the judgment itself, or to the amount thereof, but only to the conclusion that he was guilty of gross negligence. He says in his motion that he "did not consent to the entry of any judgment containing such language" and that he was unaware that it did so "until plaintiffs attempted to levy execution on his property."

 In the present posture of the case, we are not asked to reverse the order denying the motion to set aside the judgment in its entirety, but only to the extent that it contains language not included in the original complaint. This is not a ground for relief under Rule 60(b), supra. The original motion, which asked that the judgment be set aside, might have come within the nebulous boundaries of Rule 60(b) (6), supra, which permits setting aside a judgment for "any other reason justifying relief from the operation of the judgment." But we are not asked to grant relief from the "operation" of the judgment.

Appellant's motion to set aside the entire judgment stated, in somewhat different language, the grounds here relied upon to set aside only a portion thereof. He contends that he was entitled to notification of the amendment alleging gross negligence in accordance with the provisions of Rule 54(c), § 21–1–1(54) (c), N.M.S.A. 1953, pertaining to default judgments, and Rule 5(a), § 21–1–1(5) (a), N.M.S.A.1953, pertaining to service of pleadings. Neither of these rules is applicable under the circumstances here present. Furthermore, since there is no showing that any part of the damages awarded rested upon the finding of gross negligence, and since no relief is sought from the damages, the point is without merit.

Attention is directed to Rule 61, § 21–1–1(61), N.M.S.A.1953, Rules of Civil Procedure, regarding harmless error, which provides:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in any-

thing done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

We do not feel that a substantial right is involved here. The order appealed from is affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.