768 P.2d 352

**Edward J. TYRPAK, Plaintiff-Appellant,**

**v.**

**Barbara LEE, a/k/a Barbara Tyrpak, Defendant-Appellee.**

**No. 17776.**

Supreme Court of New Mexico.

Feb. 14, 1989.

Hughes & Carber, David C. Hughes, Albuquerque, for plaintiff-appellant.

William A. L'Esperance, Zenon F. Myszkowski, Albuquerque, for defendant-appellee.

OPINION

RANSOM, Justice.

This action was brought by Edward Tyrpak against his former wife, Barbara Lee, to foreclose on a residential mortgage securing payment by Lee of approximately $36,000.00 pursuant to the parties' divorce decree. Along with Lee, several other parties asserting liens on the residence were named as defendants. After a trial on November 19, 1986, the trial court determined that all the claims on the residence were valid, ordered a judicial sale of the home, and assigned priorities for the distribution of the proceeds. Neither Tyrpak nor Lee dispute the validity of the other claims or their priorities.

Appearing pro se at the 1986 trial, Lee attempted to assert certain setoffs claimed to be equal to or greater than the amount owed her former husband. Because the court had been informed of proceedings then pending in family court, it refused to consider evidence of any *disputed* setoff. However, taking into account the *undisputed* setoffs, the court awarded judgment to Tyrpak. Following the trial, Lee retained counsel and moved to stay the judicial sale pending a new trial as to the setoffs. This motion was granted and a hearing on the merits was set for June 1987. When Tyrpak's attorney withdrew from the case, the June hearing was vacated and reset for November 10, 1987. Between June and November, Tyrpak contacted several attorneys to see if he could vacate the November 10 setting. Eight days before the hearing, he retained counsel for the limited purpose of vacating the hearing on the grounds that he was unable to obtain a leave of absence from his job in Chicago to fly to Albuquerque.

At the November 10 hearing Lee and her attorney showed up ready for trial, but Tyrpak's attorney, attending the hearing via telephone, was prepared only to argue the motion for a continuance. The judge denied Tyrpak's motion for a continuance and his attorney withdrew, leaving him without representation at the hearing. Thereafter, Lee produced several exhibits to show the amount of the setoff claimed and offered to testify as to each item listed. The judge declined to hear her testimony, but the exhibits were received by the court and filed of record.

On March 3, 1988, upon presentment of the judgment, the court entered its findings and conclusions based on the hearings in 1986 and 1987. Thereafter, Tyrpak, having obtained new counsel, moved to set aside what he denominated the "default" judgment arising from his failure to appear at the 1987 hearing, or, in the alternative, for a new trial on the issue of the setoff. This motion was denied and the present appeal followed.

On appeal, Tyrpak argues that, if the court's decision of March 3, 1988, was a default judgment against him as to the setoff, the court abused its discretion in refusing to set aside the default because he demonstrated excusable neglect and a meritorious defense. *See* SCRA 1986, 1–055(C) and 1–060(B)(1). Alternatively, Tyrpak argues, whether the decision was based on default, *see Gallegos v. Franklin,* 89 N.M. 118, 547 P.2d 1160 (Ct.App.1976) (in default proceedings, an evidentiary hearing is necessary to resolve damages which are uncertain), or whether the court's decision was on the merits, it should be set aside because the typewritten summaries introduced as exhibits at the hearing on November 10, 1987, were not competent, substantial evidence sufficient to support the court's findings.

█ *Default judgment.* Because Tyrpak had responded to the claimed setoff and had actual notice of the hearing, but failed to obtain a continuance in a timely manner or otherwise defend against Lee's setoff claims, Lee was entitled to proceed in his absence to offer evidence sufficient to sustain her claims against him, and the court's decision as to those claims is not a default judgment. *See Ranchers Exploration & Dev. Co. v. Benedict,* 63 N.M. 163, 167, 315 P.2d 228, 231 (1957). Nowhere does the record reflect an application for, notice of, or entry of a judgment based on default. Cases on abuse of discretion in failing to set aside a default are not controlling.

█ *Substantial evidence.* The issue is strictly whether substantial evidence supports the findings of the trial court. Tyrpak properly asserts that findings not supported by substantial evidence cannot be sustained on appeal when properly attacked. In deciding whether a finding has substantial support, the reviewing court must view the evidence in the light most favorable to support the finding and all reasonable inferences in support of the court's decision will be indulged. *Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970).

█ Tyrpak argues the three typewritten pages itemizing the amounts claimed by Lee were not competent evidence. We believe, however, even if the consideration

of these exhibits without sworn foundational testimony was error, Tyrpak waived any such error by failing to appear and object in a timely manner. Incompetency and inadmissibility may be waived by failure to object, in which case the evidence may be considered if relevant *Chiordi v. Jernigan,* 46 N.M. 396, 402, 129 P.2d 640, 644 (1942); *see* SCRA 1986, 11-103(A)(1). The figures contained in these documents, along with Lee's testimony at the 1986 hearing, provided substantial relevant evidence on which to base the disputed findings and conclusions. *Wagner v. Hunton,* 76 N.M. 194, 413 P.2d 474 (1966), cited by Tyrpak, does not delineate a contrary rule; it merely holds that the trial court did not abuse its discretion in *refusing* to enter a default judgment when the party seeking the default three times refused to take the stand and testify, but instead relied on an affidavit attached to his complaint.

Based on the foregoing considerations, we conclude that there was substantial evidence to support the judgment and the trial court did not abuse its discretion in refusing to grant a new trial. Accordingly, we affirm the judgment in its entirety.

IT IS SO ORDERED.

STOWERS and SCARBOROUGH, JJ., concur.