This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PAULA BEVERAGE,**

   Plaintiff-Appellee,

v.                                                              **NO. 30,052**

**CHARLES NORIEGA,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles Cruse Currier, District Judge**

Paula Beverage
Roswell, NM

Pro Se Appellee

Charles Noriega
Roswell, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

   Defendant is appealing from a district court judgment in favor of Plaintiff entered after the district court held a bench trial for which Defendant did not appear. We issued a calendar notice proposing to affirm. Defendant has responded with a

memorandum in opposition. Plaintiff has filed a pleading which we construe as a memorandum in support of the calendar notice. We affirm.

We note the procedural posture of this case. After the trial was held Defendant filed a "motion to set aside default," claiming that he did not receive notice of the hearing. [RP 104] The district court denied the motion after making a specific finding that the court had personally notified Defendant of the trial date. [RP 106] The court then entered a judgment that includes findings on the merits. [RP 107] Technically, this case does not involve a default judgment, because the district court chose to hold the trial and receive evidence after Defendant had received due notice. *See State Collection Bureau, Inc. v. Roybal*, 64 N.M. 275, 277, 327 P.2d 337, 338 (1958) (holding that default judgment is inapplicable under such circumstances); *Ranchers Exploration & Dev. Co. v. Benedict*, 63 N.M. 163, 167, 315 P.2d 228, 231 (1957) (same). Instead, on appeal we consider whether there was substantial evidence to support the court's findings. *See Tyrpak v. Lee*, 108 N.M. 153, 154, 768 P.2d 352, 353 (1989).

Here, the district court concluded that Plaintiff was owed money under a contract that she and Defendant had entered. [RP 107] Plaintiff's complaint indicated that Defendant owed Plaintiff money for the separation of a business. [RP 1] Plaintiff supported the complaint with a copy of the contract and supporting evidence

indicating that Defendant owed Plaintiff money for purchases made during the course of their business relationship. [RP 1-5] Defendant's signature is on the contract, and there was no legal requirement to have an additional signature by a notary. [RP 3] Because Defendant did not timely seek the removal of the district court judge, and did not appear at the trial to present his duress defense or other defenses, he has waived them for purposes of our review. In the absence of any indication that Defendant was denied procedural or substantive rights in this case, our calendar notice indicated that we are not inclined to reverse the judgment.

In his memorandum in opposition, Defendant relies on our calendar notice's attempt to construe the handwritten notes accompanying the complaint. We do not deem any errors in interpretation to undermine the result in this case. The complaint indicates that Defendant owed money based on the business relationship, the contract Defendant signed expressly states that it was supported by consideration, it is supported by notes indicating Defendant's acknowledgment of an obligation to Plaintiff, and the court specifically found that there was consideration. [RP 1-5; 107] In light of the fact that Defendant did not present evidence at trial to contradict any of this, we believe that Plaintiff satisfied her burden to show that she had a valid contract, and the court could rely on it to render judgment in her favor.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**LINDA M. VANZI, Judge**