This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ANTHONY LUCERO,**

  Plaintiff-Appellee,

v.                                                    **NOS. 29,962 and 29,963**
                                                      **(Consolidated)**

**JESUS and SOPHIA HERNANDEZ,**

  Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, District Judge**

Doerr & Knudson, P.A.
Randy Knudson
Portales, NM

for Appellee

Mike Bello
Clovis, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

  Defendants, husband and wife, appeal the district court's refusal to vacate its

judgment, pursuant to their Rule 1-060(B) NMRA motion. Defendants argue on appeal that the district court abused its discretion in denying Defendants' motion and ask this Court to reverse the district court's judgment because it is void in violation of the procedural requirements of Rule 1-055(B) and (C) NMRA, or pursuant to Rule 1-060(B)(1), (4), or (6), for excusable neglect or just cause based on numerous due process and rule violations. We conclude that the district court properly entered a judgment on the merits and affirm the decision of the district court to deny Defendants' Rule 1-060(B) motion.

**BACKGROUND**

These consolidated cases involve the district court's judgment as to Defendants' liability on a promissory note and a subsequent grant of foreclosure by summary judgment. Defendants failed to appear before the district court on the scheduled date and time for trial on the merits. In their absence, Plaintiff made an evidentiary proffer on the merits of his claim. The district court accepted Plaintiff's proffer and entered judgment against Defendants. The district court's judgment indicates that, after being given due and proper notice, Defendants failed to appear for trial, rebut Plaintiff's prima facie showing, and provide sufficient evidentiary support for their counterclaim.

Defendants filed a Rule 1-060 motion to vacate the judgment. In the motion, Defendants alleged that they did not have a fair opportunity to present their case

2

because their attorney withdrew on December 5, 2008, and Defendants were unable to find a substitute attorney before their hearing on January 15, 2009. Additionally, Defendants asserted that their failure to appear was excusable neglect resulting from a medical emergency. "[D]ue to stress[,] Defendant[] Sofia Hernandez woke up sick and was attended to by her husband, Defendant Jesus Hernandez." At least three hours after the scheduled trial time, Defendant Sofia Hernandez was feeling better. She called the district court clerk's office to explain Defendants' absence at some point around noon.

At the motions hearing for Defendants' Rule 1-060(B) motion, Defendants argued that the district court's judgment was a default judgment entered in violation of procedural requirements outlined in Rule 1-055(B). In response, Plaintiff asserted that "[t]here was no default" because "Defendants had actually appeared in the proceeding, had actual notice of the hearingon the merits, failed to request a continuance, failed to timely alert the [district c]ourt to any purported claim of illness, and simply failed to appear to contest the evidence presented." Plaintiff also asserted that illness alone was not a sufficient basis for setting aside the judgment and Defendants failed to meet the requirements of Rule 1-060(B) because Defendants had made no showing that Defendant Sofia Hernandez was actually ill or that any meritorious defense existed. The district court found that Defendant Jesus Hernandez

3

"was not ill and should have appeared. That did not occur and the hearing . . . was conducted and drawn to a conclusion." As a result, the district court denied Defendants' Rule 1-060(B) motion to vacate the judgment. Defendants appeal.

**DISCUSSION**

On appeal, Defendants rely upon Rules 1-055 and 1-060(B) to argue that the district court abused its discretion in denying Defendants' motion to vacate the judgment. This Court reviews a district court's refusal to vacate entry of a judgment pursuant to Rule 1-060(B) for an abuse of discretion. *State Collection Bureau, Inc. v. Roybal*, 64 N.M. 275, 277, 327 P.2d 337, 338 (1958); *Ranchers Exploration & Dev. Co., v. Benedict*, 63 N.M. 163, 166, 315 P.2d 228, 230 (1957). Rule 1-055(C), however, provides this Court with a more lenient good cause standard to reverse a district court's default judgment. *DeFillippo v. Neil*, 2002-NMCA-085, ¶ 27, 132 N.M. 529, 51 P.3d 1183. Under this standard, "a slight abuse of discretion is sufficient to justify reversal of the [district court's] order." *Id.* ¶ 25. However, where a district court enters judgment on the merits, Rule 1-055 is inapplicable. *Roybal*, 64 N.M. at 277, 327 P.2d at 338. As a result, in order to determine the appropriate standard of review, we must first determine whether the district court's judgment was a default judgment or a judgment on the merits of Plaintiff's claim.

**A.    The District Court's Judgment**

4

Where, as here, a party fails to appear for trial on the merits, the district court may enter a default judgment or it may receive evidence and enter a judgment on the merits. *Chase v. Contractors' Equip. & Supply Co.*, 100 N.M. 39, 41, 665 P.2d 301, 303 (Ct. App. 1983). While both actions are permissible, a judgment on the merits is preferable to a default judgment. *See id.* at 41-42, 665 P.2d at 303-04. Default judgment is appropriate where the absent party would not benefit from its absence because it had no notice of the proceeding. *See id.* However, where a party has notice of the proceeding and nonetheless fails to appear or request a continuance, the opposing party may "prevent[] the absent party from benefitting [from] its absence" by choosing to proceed on the merits of its complaint. *Id.* at 41, 665 P.2d at 303. Under these circumstances, the district court's judgment is on the merits. *See Tyrpak v. Lee*, 108 N.M. 153, 154, 768 P.2d 352, 353 (1989 ("Because [the plaintiff] had responded to the claimed setoff and had actual notice of the hearing, but failed to obtain a continuance in a timely manner or otherwise defend against [the defendant's] setoff claims, [the defendant] was entitled to proceed in [the plaintiff's] absence to offer evidence sufficient to sustain her claims against him, and the [district] court's decision as to those claims is not a default judgment."); *Roybal*, 64 N.M. at 277, 327 P.2d at 338 (explaining that a judgment made after appellant's failure to appear where appellant had due notice was a judgment on the merits).

5

In this case, Defendants had actual notice of Plaintiff's claims and the date, time, and location of the trial to adjudicate the merits of the claims. Defendants raised counterclaims and affirmative defenses in response to Plaintiff's complaint, and allegedly would have appeared to adjudicate the merits of the claims if Defendant Sofia Hernandez had not fallen ill. As a result, Plaintiff was entitled to request a default judgment or proceed on the merits of his claims. *Ranchers Exploration,* 63 N.M. at 167, 315 P.2d at 231 ("Appellants have defaulted by their failure to appear in court at the time appointed for the trial of the issues. Therefore, appellee was entitled to proceed with the hearing and to offer evidence to sustain the pleadings."); *Metzger v. Waddell,* 1 N.M. 400, 407 (1867) ("[T]he party had failed to answer, although served with process, and had been called at the court-house door, . . . the right had, therefore, accrued to the plaintiff to take his judgment, not only by default, but as well his final judgment."). Nowhere does the record reflect application for, notice of, or entry of judgment based on default. Instead, Plaintiff explained to the district court that he was "prepared to proceed," and made a proffer as to what he would be able to "prove today through testimony." Plaintiff chose to proceed on the merits of his claims.

Additionally, the record reflects that the district court based its judgment on Plaintiff's proffer. After accepting Plaintiff's proffer and admitting Plaintiffs'

Exhibits 1 through 4, the district court concluded that Plaintiff had made a prima facie showing of his claims and entered judgment in his favor. The district court also determined that Defendants had failed to present evidence sufficient to rebut Plaintiff's claims or support Defendants' asserted counterclaims. The district court's judgment was based on the available record, and the district court explained that the "hearing . . . was conducted and drawn to a conclusion." Such a judgment is a judgment on the merits. *See Ranchers Exploration,* 63 N.M. at 167, 315 P.2d at 231 (holding that a judgment made in the absence of appellant and after the introduction of evidence to sustain appellee's pleadings was a final judgment on the merits, not a judgment by default). As a result, Rule 1-055 is inapplicable to the district court's judgment and we will not review Defendant's claims that the district court failed to comply with the procedural requirements of Rule 1-055.

**B.    Rule 1-060(B)**

We next determine the merits of Plaintiffs' argument that the district court abused its discretion in refusing to set aside its judgment pursuant to Rule 1-060(B)(1), (4), or (6). To determine whether a district court abused its discretion in denying a Rule 1-060(B) motion for a judgment on the merits, this Court reviews the district court's factual findings for substantial evidence. *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154; *Tyrpak*, 108 N.M. at 154, 768 P.2d

7

at 353. Again, we review a district court's refusal to vacate entry of a judgment pursuant to Rule 1-060(B) for an abuse of discretion. *Ranchers Exploration*, 63 N.M. at 166, 315 P.2d at 230. We will reverse the district court's ruling on a 1-060(B) motion only when the district court's ruling is "arbitrary, fanciful, or unreasonable." *Meiboom*, 2000-NMSC-004, ¶ 29 (internal quotation marks and citation omitted). Relief under Rule 1-060(B)(6) requires a showing of exceptional circumstances. *Meiboom*, 2009-NMSC-004, ¶ 31.

Defendants assert that justice requires this Court to vacate the judgment under Rule 1-060(B) because of an "abundance of mistakes, inadvertencies, omission[s], [and] excusable neglects." Defendants also cite "[a]dditional evidence in the record of the case" to assert that the district court's judgment did not meet "various" due process requirements. Finally, Defendants assert that exceptional circumstances exist because the district court's actions violated Rules 1-054 and 1-089 NMRA. Defendants' brief in chief contends that these violations are just "a few amongst those present in this case." But, Defendants do not provide any citations to the record or applicable authority as to what specific mistakes, inadvertencies, omissions, and violations were made by the district court, or why reversal is otherwise necessary. We will not search the record or applicable case law for the benefit of Defendants. *See Murphy v. Strata Prod. Co.*, 2006-NMCA-008, ¶ 9, 138 N.M. 809, 126 P.3d 1173

8

("Absent a record, we are left with the arguments in the briefs, and argument of counsel is not evidence."); *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record); *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (explaining that where a party cites no authority to support an argument, we may assume no such authority exists). As a result, we will not reach the merits of this Rule 1-060(B) argument.

The citations to the record that this Court has been directed to by Defendants only support that conclusion that the district court's decision to deny Defendants' Rule 1-060(B) motion was not an abuse of its discretion. Defendants had the burden of proving excusable neglect and a meritorious defense in support of their Rule 1-060(B) motion. *Roybal*, 64 N.M. at 277, 327 P.2d at 338. However, the record indicates that, much like Defendants' arguments on appeal, Defendants failed to provide the district court with appropriate authority in support of their motion. Defendants asserted to the district court that they were unable to appear before the district court for the trial on the merits because Defendant Sofia Hernandez came down with an illness and

9

Defendant Jesus Hernandez attended to her. They provided no explanation for their failure to contact the district court until at least three hours after trial on the merits was scheduled to begin or why Defendant Jesus Herndandez could not appear to request a continuance or otherwise defend against Plaintiff's claims. Additionally, Defendants made no showing of a meritorious defense as required by Rule 1-060(B). *See Magnolia Mountain Ltd. P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 12, 139 N.M. 288, 131 P.3d 675

The district court was clearly not satisfied with the showing made by Defendants in support of their motion. It explained that it was willing to accept the limited fact of Defendant Sofia Hernandez's illness as truth, "[b]ut it's clear . . . that [Defendant] Jesus Hernandez was not ill and should have appeared." The record available to this Court on appeal indicates that substantial evidence supports the district court's finding that Defendant Jesus Hernandez should have appeared. The record reflects that Defendant's failure to appear was not the result of excusable neglect and that exceptional circumstances did not exist to support reversal of the district court's judgment. As a result, the district court's conclusions were not arbitrary, fanciful, or unreasonable. On this showing, we cannot say the district court abused its discretion in denying Defendants' motion to vacate judgment.

**CONCLUSION**

For the reasons discussed in this Opinion, we affirm the district court's judgment.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**