## Shaffer et ux., Appellants, *v.* Mowery.

*Negligence—Sale of cartridge to minor—Violation of penal statute—Act of June 10, 1881, P. L. 111—Liability—Death of child— Contributory negligence of parent — Child handling shot gun — Knowledge of parents—Question for jury.*

1. The sale of a cartridge loaded with gun powder to a minor under sixteen years of age, in violation of the Act of June 10, 1881, P. L. 111, making such sales a misdemeanor, renders the seller liable for any natural or probable harmful result which might follow from his wrongful act.

2. If a parent expressly or negligently permits his fourteen-year-old son to handle a shot gun in such a manner and under such circumstances as to make the parent legally liable for any harmful result which might ensue to others, he cannot recover damages, caused by the gun, from one who sold the son a cartridge; for the law would view the parent as having so far intervened in bringing about the harmful result of which he complains as to assume or be fixed with the risk thereof.

3. In an action by a parent to recover damages for the death of a child against one who sold a cartridge to the plaintiff's fourteen-year-old son, a brother of the deceased, in violation of the statute making such sales a misdemeanor, the case is for the jury under proper instructions upon the questions of negligence of the seller and the contributory negligence of the parent, where it appears that the boy took the gun without the parents' knowledge and against the parents' directions, and placed the shell therein, which accidentally exploded and killed his brother and there is no evidence that the parent, knew the son had bought or possessed the cartridge which caused the damage, although the son testified that he thought his parents knew that he had used the gun to shoot at a mark a few days before the accident.

Argued May 13, 1919. Appeal, No. 327, Jan. T., 1919, by plaintiffs, from order of C. P. Fayette Co., March T., 1915, No. 630, refusing to take off nonsuit in case of Joseph C. Shaffer and Icyline Shaffer, his wife, v. Charles M. Mowery. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Action to recover damages for death of plaintiff's son, alleged to have been caused by defendant's unlawful act in selling a cartridge to the minor brother of the deceased. Before REPPERT, J.

The court entered a compulsory nonsuit which it subsequently refused to strike off. Plaintiffs appealed.

*Error assigned* was the refusal to strike off the nonsuit.

*S. R. Goldsmith,* for appellant.—The sale of the cartridge by defendant was the proximate cause of the injury. That innocent causes intervenes makes no difference: Benford v. Johnston, 82 Ind. 426.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellee.—The question, what is a sufficient independent, intervening cause or act to break the continuity of events between a negligent act and injury so as to make such negligence not the proximate cause, is considered in the recent cases: Trout v. Phila. Elec. Co., 236 Pa. 506; O'Gara v. Phila. Elec. Co., 244 Pa. 156; Green v. West Penn Ry. Co., 246 Pa. 340; Geroski v. Allegheny County Light Co., 247 Pa. 304; Bruggeman v. York, 259 Pa. 94.

The sale of the cartridge was not the proximate cause of the accident: Poland v. Earhart, (Iowa) 30 N. W. 737; Harnett v. Boston Store of Chicago, 265 Ill. 331.

The parents were guilty of contributory negligence in permitting the boy to have a shot gun: Pollack v. Penna. R. R. Co. (No. 2), 210 Pa. 634; Glassey v. Hestonville & F. Pass. Ry. Co., 57 Pa. 172.

If either parent is guilty of contributory negligence neither can recover: Darbrinsky v. Penna. Co., 248 Pa. 503.

OPINION BY MR. JUSTICE MOSCHZISKER, June 21, 1919:

Joseph C. Shaffer and wife sued to recover damages for the death of their son, Henry, seven years old, who was killed on December 27, 1914, as the result, it was alleged, of defendant's unlawful act; the court below entered a nonsuit, which it subsequently refused to remove, and this appeal followed.

The father had a small farm and also conducted a blacksmith shop, at some little distance from his home: the family consisted of the parents and five children,— Samuel, the eldest, Henry, the deceased, two girls and a baby. On December 25, 1914, Samuel, then a little less than fourteen years of age, purchased a cartridge, loaded with gunpowder, from the defendant, Charles M. Mowery, who owned and managed a general merchandise store; December 27th, this boy was sent on an errand by his mother to a neighbor's, and his younger brother accompanied him; a shotgun, belonging to another neighbor, had been at the Shaffer home for a few days, and the owner had sent word to Samuel he wanted it returned; Samuel, before starting on the errand, without the knowledge of his parents, took this gun, with the intention of returning it to the owner; the two boys went off together, and, while Henry was walking in front of Samuel, the shell, which the latter, after leaving home, had placed in the gun, accidentally exploded and killed the former; the father was not on the farm at the time and had no knowledge concerning the action of his two sons until after the casualty; Mrs. Shaffer did not know the boys had taken the gun, although she had been informed by Samuel, during the day, of his intention to return it; Samuel testified that his mother told him not to do so "through the day," but "she didn't say whether [he] was to go through the evening or not." Samuel is

an intelligent lad, who helped his father around the farm, performing at least half as much work as a hired man; he said he had not done any hunting with a gun, but had shot at a mark "a few days" before the accident—that his parents "knowed [he] shot at marks around home some"; while the boy stated this latter conclusion, he did not explain how either his father or mother had gained such knowledge, and, in fact, added, "I don't know as they knowed it for sure or not." This is all that appears on the point of knowledge of the parents concerning the use of the gun by their sons; and no evidence was produced or brought out that either the mother or father knew Samuel had bought or possessed the cartridge which killed his brother.

Section 1 of the Act of June 10, 1881, P. L. 111, provides: "Any person who shall knowingly and wilfully sell or cause to be sold, to any person under sixteen years of age,......any cartridge, gunpowder or other dangerous and explosive substance, shall, in every such case, be guilty of a misdemeanor." When defendant sold the shell to Samuel, he violated this statute, thereby making himself liable for any natural or probable harmful result which might follow in the wake of his wrongful act: Binford v. Johnston, 82 Ind. 426, 427, 432; Pizzo v. Wiemann, 149 Wis. 235, 239; 28 Ann. Cas. 803, 804; Fowell v. Grafton, 82 Ont. L. R. 550, 555; Anderson v. Settergren, 100 Minn. 294, 297; and see McEldon v. Drew, 138 Iowa 390, 392; Elkins v. McKean, 79 Pa. 493, 502; Catani v. Swift & Co., 251 Pa. 52, 58.

Of course, if plaintiffs, or either of them (Darbrinsky v. Penna. Co., 248 Pa. 503, 505; Johnson v. Reading City, etc., Ry. Co., 160 Pa. 647; Gress v. P. & R. Ry. Co., 228 Pa. 482, 486), expressly or negligently permitted their young offspring to handle deadly weapons, of such a kind, in such a manner and under such circumstances as to make a parent legally liable for any harmful result which might ensue to others (Archibald v. Jewell, 70 Pa. Superior Ct. 247; Meers v. McDowell, 110 Ky. 926, 929;

Johnson v. Glidden, 11 S. D. 237, 241; Dixon v. Bell, 5 M. & S. 198, 199; Palm v. Ivorson, 117 Ill. App. 535, 536), they could not recover; for the law would view them as having so far intervened in bringing about the harmful result of which they themselves complain as to assume or be fixed with the risk thereof: Carter v. Towne, 103 Mass. 507, 508; and see discussion in Davidson v. Nichols, 11 Allen 514, 519.

In a case of this character, however, the facts and circumstances, as well as the inferences to be drawn therefrom, are for the jury, who must decide, under proper instructions on the law (Herron v. Pittsburgh, 204 Pa. 509, 514; Archibald v. Jewell, supra, p. 251), the points involved, including the question of the negligence of the parents. On the evidence at bar, none of the issues can be ruled as a matter of law; the case should have been submitted to the jury, and, therefore, the court below erred in entering a nonsuit.

The judgment is reversed with a procedendo.