278 P.2d 569

Arthur ZAMORA, Father and Next Friend of Phillip Zamora, a Minor, Plaintiff and Appellant,

v.

J. KORBER & CO., Inc., a Corporation, Defendant and Appellee,

B. L. K. Commodities Corporation, a Corporation, and Herman Bloch, Jack Lebby and David Katz as Individuals, Third Party Defendants and Appellees.

No. 5803.

Supreme Court of New Mexico.

Dec. 4, 1954.

Rehearing Denied Jan. 19, 1955.

Joseph L. Smith, Lorenzo A. Chavez and Arturo G. Ortega, Albuquerque, for appellant.

Keleher & McLeod and J. C. Ryan, Albuquerque, for appellees.

LUJAN, Justice.

Arthur Zamora, as father and next friend of Phillip Zamora, a minor, instituted this action against J. Korber & Co., a corporation, seeking to recover damages for the loss of an eye as the result of a sale to him by the defendant of a 22 caliber rifle, in violation of an ordinance of the City of Albuquerque. The judgment was in favor of the defendant, and was entered on a verdict of the jury directed by the court, and plaintiff appeals. The parties will be referred to as they appeared in the lower court.

The plaintiff contends, among other things, that the court erred in directing the verdict in favor of the defendant, and we agree with this contention.

At the time of the sale Phillip was twelve years, eight months and eight days old. He was a normal boy in the eighth grade in school. On August 8, 1952, he purchased the rifle in question from one Ivan L. Cowan, an employee of the defendant. Fearing his father and mother he secreted the rifle in a closet until the morning of August 10th, when, during the absence of his parents from the house, he took the rifle from its hiding place, walked about 300 yards away from the house, picked up a rock which he placed on top of a pile of boards which were nailed together in the form of a stand. He then walked about nine or ten feet away therefrom and fired at the rock. The bullet hit the rock then it rebounded and hit him in the left eye causing the loss thereof.

The ordinance in question, among other things, provides as follows:

"Chapter 7.207. Furnishing firearms to minors: No person shall sell, loan or furnish, to any minor below the age of 16, any gun, pistol or other firearm, within the limits of the City. Nor shall any person in the City sell or give to any minor below the age of 16, any cartridges of fixed ammunition of which any fulminate is a component part.

"Chapter 7.209. Penalty provision. Any person violating any of the provisions of this Chapter, shall upon conviction thereof and unless otherwise specified, be punishable by a fine of not less than five dollars or more than $25 and stand committed until such fine and costs are paid or secured."

■ When defendant sold the rifle to Phillip (a minor) it violated the ordinance, thereby making itself liable for any natural or probable harmful result which might follow in the wake of its wrongful act. Shaffer v. Mowery, 265 Pa. 300, 303, 108 A. 654, 655; Binford v. Johnston, 82 Ind. 426, 42 Am.Rep. 508; Pizzo v. Wiemann, 149 Wis. 235, 239, 134 N.W. 899, 38 L.R.A.,N.S., 678, Ann.Cas.1913C, 803, 804; Fowell v. Grafton, 20 Ont.L.R. 639; Anderson v. Settergren, 100 Minn. 294, 297, 111 N.W. 279; Henningsen v. Markowitz, 132 Misc. 547, 230 N.Y.S. 313. Also, see, annotation beginning on page 128 of 20 A.L.R.2d, and annotation begining on page 895 of 171 A.L.R.

The decisions as to the legal effect of violating a statute or ordinance are not harmonious. In some cases it is held that such violation is not negligence per se, but that it is competent evidence of negligence, and may be sufficient to justify a jury in finding negligence in fact. 29 Cyc. (Negligence) page 437; 45. C.J. (Negligence) § 103 beginning on page 720; 65 C.J.S., Negligence, § 19, beginning page 413. However, it is settled in New Mexico, and we think it is the weight of authority, that a violation of a statute or ordinance is negligence per se, Clay v. Texas-Arizona Motor Freight, Inc., 49 N.M. 157, 159 P.2d 317, and a person proximately injured thereby may recover for such injuries against violator of the law. Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382; Gutierrez v. Koury, 57 N.M. 741, 263 P.2d 557.

■ The statute or ordinance violated, however, must have been enacted for the benefit of the party who seeks to invoke its violation as distinguished from the public generally or a class to whom the ordinance necessarily applies. 29 Cyc. 438; 65 C.J.S., Negligence, § 19, p. 423. In the case at bar the plaintiff (a minor) is clearly within the class for the avoidance of evil to which the ordinance was enacted.

■ At the conclusion of the plaintiff's case the defendant moved the court to dismiss the same "for the reason that the evi-

dence clearly shows that Phillip Zamora, as a matter of law, was guilty of contributory negligence, which proximately contributed to his injury." The motion was sustained.

Bearing upon the issue of plaintiff's contributory negligence the boy testified as follows:

"Q. Were you alone? A. Yes, sir. I just picked up this rock, and it was sort of like a bunch of boards nailed together on some kind of a stand, or something, and I put the rock up there, and walked about nine, ten feet away, I guess. Raised the rifle and shot it. As soon as I shot, something hit me in the eye. I threw the rifle and grabbed it right away, and started running for home."

On cross-examination he testified substantially as follows:

That his father had shown him how to shoot guns; that he had been hunting with his father once in a while; that he had shot a 22 caliber rifle about 200 times; that he had shot his father's 20.30 rifle and his pistols and six shooters; that he knew a little bit about guns; that his father told him never to shoot towards houses or to point a gun at anybody; that he knew that guns would hurt him and that they were exceedingly dangerous.

The question remains whether the negligence of the defendant in selling the rifle to the plaintiff (a minor) could be found to have been the proximate cause of his injury, or whether the intervening conduct of the boy in shooting at a rock as he did prevented such a finding.

We conclude that it was for the jury, in view of all the pertinent considerations of age, maturity, intelligence, experience, and so forth, to decide, under proper instructions on the law, whether or not the boy was guilty of contributory negligence. See McEldon v. Drew, 138 Iowa 390, 116 N.W. 147. The case should have been submitted to the jury, and, therefore, the trial court erred in entering a nonsuit.

The defendant leans heavily upon the case of Mellas v. Lowdermilk, 58 N.M. 363, 271 P.2d 399, to support its claim of contributory negligence, as a matter of law, on the part of the plaintiff (a minor). Some facts and circumstances in the Mellas case distinguish it from the case at bar. That case involved the drowning of a young boy who had gone on the land of the defendants wherein they maintained a pond. The land was posted with "no swimming" and "no trespassing" signs. While on the raft that was kept in the pond for the purpose of testing and servicing pumps which were used to pump water into a large tank for irrigation purposes, the young lad, although warned not to get in the water, nevertheless jumped therefrom. While swimming dog fashion his companion attempted to give him a pole to hang on but he refused to take hold of it. Instead of taking hold of

the pole, as he should have, he attempted to swim to shore, and in so doing he was drowned.

The decision of the trial court, directing verdict for the defendant, is reversed, and the case remanded with directions that it be reset for trial by jury.

It is so ordered.

McGHEE, C. J., and SADLER and COMPTON, JJ., concur.

SEYMOUR, J., not participating.