301 P.2d 1094 (1956)
61 N.M. 446
Matter of the Last WILL and Testament of Nathan B. STERN, Sometimes Known as N.B. Stern, Deceased.
Adolfo MONTOYA, Claimant-Appellant,
v.
Anita FRIEDMAN, Morey Goodman and Carl H. Gilbert, Trustees of the Estate of Nathan B. Stern, Respondents-Appellees.
No. 6093.
Supreme Court of New Mexico.
October 1, 1956.
*1095 Daniel Sosa, Jr., Las Cruces, for appellant.
Gilbert, White & Gilbert, Santa Fe, for appellees.
COMPTON, Chief Justice.
Appellant appeals from an order dismissing his claim against the estate of the decedent, Stern.
The claim, omitting the prayer, is as follows:
"Amended Claim
"Adolfo Montoya, formerly a resident of Santa Fe, New Mexico, and now a resident of Las Cruces, New Mexico does hereby present this his claim for services rendered, against the Estate of Nathan B. Stern, Deceased, and for granting of said claim would show the Court.
"1. That the undersigned Adolfo Montoya did, from the year 1924 through the year 1954, render personal services for the said Nathan B. Stern. That said services were rendered upon the express understanding between Adolfo Montoya and the aforesaid Nathan B. Stern that Adolfo Montoya would receive a reasonable compensation therefor. That said services consisting in being a close personal companion of the aforesaid Nathan B. Stern and in chauffering the said Nathan B. Stern to New York, Florida, California, and Mexico. That said Adolfo Montoya in anticipation that he would be taken care of, did sell real estate for the said Nathan B. Stern, that he did perform every task that Mr. Nathan B. Stern asked of him, including sales as Mr. Stern's agent of real estate, the aforesaid Adolfo Montoya further states that he was never compensated for his services and that he devoted 30 years of his life to the performance of all kinds of tasks for the aforementioned Nathan B. Stern. That a reasonable sum for the services which were performed would be $2,500.00 a year for 30 years, making a sum total of $75,000.00. That he was to receive a reasonable compensation for his services and that $75,000.00 is reasonable for 30 years service.
"2. That the decedent Nathan B. Stern in the presence of several witnesses did state that he was going to pay Adolfo Montoya a reasonable sum for his services. That claimant represents *1096 and shows unto the executor, or administrator, or the trustees, and to the Court, that he did perform all tasks asked of him whenever he was called upon to perform any special service for Mr. Nathan B. Stern, deceased."
At a hearing on the merits, the claim was denied. The court found the evidence insufficient to sustain the alleged agreement; that the claim in part was barred by the statute of limitations; and that appellant previously had been fully compensated by the decedent for his services rendered during the period of limitation. From an order dismissing the claim, appellant brings the cause here for review of alleged error.
The single error assigned is the refusal of the court to permit appellant to add the phrase, "and provide for him in his will", at the end of the first sentence of paragraph 2 of the claim.
While amendments of pleadings should be permitted with liberality in the furtherance of justice, § 21-1-1(15), 1953 Comp., our Rule (15), the application was addressed to the sound discretion of the court and its action in denying the motion is subject to review only for clear abuse of discretion. Martinez v. Cook, 57 N.M. 263, 258 P.2d 375; Bounds v. Carner, 53 N.M. 234, 205 P.2d 216; Leggett v. Montgomery Ward & Co., 10 Cir., 178 F.2d 436. Appellant makes no showing whatever of such abuse.
Appellant had previously filed an original and an amended claim. The requested amendment was made at the commencement of the trial and there was no abuse of discretion in denying the motion at this stage of the proceeding. The case is thus distinguished from those cases where amendments are made in advance of the trial. Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044; Puritan Mfg. Co. v. Toti & Gradi, 14 N.M. 425, 94 P. 1022.
Moreover, we fail to see the materiality of the proposed amendment. It would add nothing to the amended claim. Nowhere is it alleged that appellant performed services for the decedent pursuant to an agreement between them that decedent would provide for appellant in his will.
The judgment will be affirmed, and it is so ordered.
LUJAN, McGHEE, and KIKER, JJ., concur.
SADLER, J., not participating.