378 P.2d 370

Harvey L. BOULDIN, Moline Bouldin and United States Fidelity and Guaranty Company, Plaintiffs-Appellants,

v.

Mario SATEGNA, Defendant-Appellee.

No. 7082.

Supreme Court of New Mexico.

Jan. 30, 1963.

**330**

James L. Brown, Farmington, for appellants.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellee.

MOISE, Justice.

Plaintiffs appeal from a judgment dismissing their complaint seeking compensation for damages allegedly suffered when an automobile operated by plaintiff, Harvey F. Bouldin, and in which his wife, Moline Bouldin, was riding, collided with an automobile belonging to the defendant, Mario Sategna. Plaintiff, United States Fidelity and Guaranty Company, joined in the complaint claiming to be subrogated to the rights of the other two plaintiffs to the extent of $691.60, which it paid pursuant to a policy of insurance on account of damages to the Bouldin automobile growing out of the collision.

The judgment appealed from sustained defendant's motion to dismiss because of failure of the complaint to state a claim upon which relief could be granted. From the complaint it appears that in the early evening (the exact hour is not alleged) of November 12, 1960, defendant parked his 1957 Chevrolet pickup truck at a lounge in Bloomfield, New Mexico; that the defendant left the vehicle unattended and negligently failed to remove the ignition keys from the truck; that because of this action and as a direct and proximate result thereof some unknown parties borrowed or stole the truck and later abandoned it in the middle of the highway some eight miles east of Farmington and that about 6:30 p. m. of that day the Bouldins collided with the truck and were injured and their car damaged while traveling east from Farmington, and as a result of the negligence complained of.

We have a statute prohibiting the leaving of a car unattended and without locking and removing the key. This statute is § 114 of Chap. 139, N.M.S.L.1953, being the Uniform Act Regulating Traffic on Highways, and appears as § 64–18–53, N.M.S.A.1953. It reads as follows:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels in such manner that the ve 'e will be held by the curb or will leave the highway if the brake fails."

The question which we are called upon to answer may be stated thus: Is the owner of a car who leaves it unattended and without removing the key in violation of § 64–18–53, N.M.S.A.1953, liable for injuries to persons and property suffered when the car is hit after its having been .abandoned on the highway by a thief who stole it?

The problem is one which has been considered by a number of courts, but is of first impression with us. As is not surprising, the courts are not in accord as to the correct answer. A 1957 annotation in 51 A.L.R.2d 633, 663, states that, "a majority of the cases have taken the position that the act of the thief prevented a finding that the injury or damage was the proximate result of any prior negligence in the manner in which the vehicle was parked, or, at least, that the trier of the facts could legitimately come to that conclusion."

The note in 51 A.L.R.2d 633, 665, states that, "* * * there are a few instances in which the view has been taken that the fact that the motor vehicle left in a public street was stolen, with injury resulting from the thief's operation of the vehicle, did not prevent a finding that such injury was the proximate result of some negligence inhering in the manner in which the vehicle was originally parked." The jurisdictions so holding are noted as the District of Columbia (Ross v. Hartman, 78 App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370), Illinois (Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74, 51 A.L.R.2d 624), and an Ohio trial court (Garbo v. Walker, Ohio Com.Pl., 129 N.E.2d 537). To these we would add Tennessee (Justus v. Wood, 209 Tenn. 55, 348 S.W.2d 332, 349 S.W.2d 793, decided since 1957).

Quite generally it is held that where there has been no violation of a statute or ordinance against leaving a car unattended and unlocked, there is no liability in the owner. The basis for this conclusion is most effectively expressed in the oft cited case of Richards v. Stanley, 43 Cal.2d 60, 271 P.2d 23.

The general rule as stated in 51 A.L.R.2d 633, 662, is:

"* * * that when, between negligence and the occurrence of an injury, there intervenes a wilful, malicious, and criminal act of a third person which causes injury but was not intended by the negligent person and could not have been foreseen by him, the causal chain between the negligence and the accident is broken. On the other hand, if, at the time of the negligence, the criminal act might reasonably have been foreseen, the causal chain is not broken by the intervention of such act. And the surrounding circumstances, including the nature of the locality in which the negligence occurred, may be sufficient to render an intervening criminal act reasonably

foreseeable within the meaning of the latter rule."

The following are cases holding defendant not liable as a matter of law even though negligent per se or presumptively negligent for failure to comply with a statute or ordinance demanding locking of a vehicle when leaving it unattended. So holding are Wannebo v. Gates, 227 Minn. 194, 34 N.W.2d 695; Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272; Sullivan v. Griffin, 318 Mass. 359, 61 N.E.2d 330; Galbraith v. Levin, 323 Mass. 255, 81 N.E.2d 560; Corinti v. Wittkopp, 355 Mich. 170, 93 N.W.2d 906; Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243; Liberto v. Holfeldt, 221 Md. 62, 155 A.2d 698; Hersh v. Miller, 169 Neb. 517, 99 N.W.2d 878; Clements v. Tashjoin (R.I. 1961), 168 A.2d 472; Kiste v. Red Cab, Inc., 122 Ind.App. 587, 106 N.E.2d 395.

These cases, while finding negligence per se or a question of negligence in the violation of the statute or ordinance, concluded there can be no liability either because the negligence was not the proximate cause of the injury, or that the injury caused by the thief was not reasonably foreseeable, or that the theft was an efficient intervening cause relieving defendant of liability.

■ It is clear that in New Mexico one who violates a statute or ordinance is guilty of negligence per se and when as a proximate result thereof a person is injured,

damages may be recovered if the statute or ordinance violated was enacted for the benefit of the person injured. Zamora v. J. Korber & Co., Inc., 59 N.M. 33, 278 P.2d 569.

Our inquiry is accordingly directed to (1) whether the statute was intended for protection of plaintiff, and (2) the question of proximate cause.

We entertain some doubts as to the first question because § 64–18–53, N.M.S.A.1953, was enacted as a part of our traffic regulation statute (Chap. 139, N.M.S.L.1953) and not of the anti-theft act (Chap. 138, N.M. S.L.1953) passed at the same session, and further because by its language it is clear that its purpose was to prevent acts which could lead to an automobile inadvertently moving without intention that it should.

■ Logically, in view of this fact, it would seem to us that the legislative intent behind the enactment was to further the welfare and safety of the motoring public. See comments in 34 Iowa L.R. 376 and 35 Minn.L.R. 81. It would follow that in considering liability, we can limit our inquiry to whether under tort law the theft of the car was an efficient intervening cause.

In Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507, we stated that, "The proximate cause of an injury is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the

injury, and without which the injury would not have occurred."

In that same case which involved injury to a child when struck by a pickup truck as the child was crossing the street after being negligently permitted to alight from defendant's bus at a place not intended for such purpose, on the question of whether the causal connection between defendant's negligence and the injury was thereby interrupted, the court said:

"* * * The independent intervening cause that will prevent a recovery of the act or omission of a wrongdoer must be a cause which interrupts the natural sequence of events, turns aside their cause, prevents the natural and probable results of the original act or omission, and produces a different result, that could not have been reasonably foreseen. The concurrent or succeeding negligence of a third person which does not break the sequence of events is not such a cause, and constitutes no defense for the original wrongdoer, [if] in the absence of the concurrent or succeeding negligence, the accident would not have happened. Reif v. Morrison, 44 N.M. 201, 100 P.2d 229; Valdez v. Gonzales, 50 N.M. 281, 288, 176 P.2d 173."

We do not perceive theft of a car as a natural event to be foreseen by a person who is negligent in leaving his car unattended with the key in the ignition. Much less can it be believed that such a state of facts as gave rise to the instant litigation could be remotely considered to be a natural or probable result of defendant's having left his car unlocked, or that they could have been reasonably foreseen.

In this connection, it might be pointed out that even in those states which have held the owner liable, the cases involve injury which resulted from the negligent operation of the car by the thief in attempting to escape. The courts rationalize that this is exactly what should have been expected. This distinction is pointed out in Wannebo v. Gates, supra, where the injury did not happen while the thief was in flight, and no indication was given as to which rule would have been followed if the case had involved negligent driving by the thief to avoid capture. However, when presented with a flight situation, the Minnesota court came to the same conclusion and found the owner not liable. Anderson v. Theisen, supra.

Dean Prosser in his Law of Torts (2d Ed.) at page 276, suggests that the problem is not in fact one of causation, and to so treat it is to avoid the real issue. He states that a conclusion that the act complained of was not the proximate cause of the injury really means that the actor was "not negligent at all or that his negligence, if any, does not cover such a risk." He also states that, "It is only where such miscon-

duct was to be anticipated, and the risk of it was unreasonable, that liability will be imposed for such intervening acts." To similar effect are 86 U. of Pa.L.R. 121; 38 Cal.L.R. 369; 34 Iowa L.R. 376. If we accept this analysis it nevertheless follows, in our view, that theft of the defendant's car was not to be anticipated and that such theft and the subsequent negligent leaving of the car in the road was such a remote risk that liability should not be imposed.

Be this as it may, we are clear that our decisions proceed on a theory of causal connection. In addition to Thompson v. Anderman, supra, see also Reif v. Morrison, 44 N.M. 201, 100 P.2d 229; Gilbert v. New Mexico Const. Co., 39 N.M. 216, 44 P.2d 489; Martin v. Gomez, 69 N.M. 1, 363 P.2d 365; Williams v. Haas, 52 N.M. 9, 189 P.2d 632; Shepard v. Graham-Bell Aviation Service, Inc., 56 N.M. 293, 243 P.2d 603.

■ By nothing which we have said do we wish to be understood to be reflecting in any way upon our long established rule that negligence and causal connection are ordinarily a question of fact for the jury. Ortega v. Texas-New Mexico Railway Company, 70 N.M. 58, 370 P.2d 201. While fully recognizing this rule, we also recognize the equally well understood rule that where reasonable minds cannot differ, the question is one of law to be resolved by the judge. Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921; White v. Montoya, 46 N.M. 241, 126 P.2d 471.

Plaintiff argues that with the transition from the horse and buggy age to that of the highspeed car and jet airplanes, and from the period of steam and gas powered energy to that of atom propulsion, we should keep pace with the times and apply new and modern principles, better suited for our changed and changing world. We answer the argument by pointing out that we are not convinced that the rule we are urged to adopt would better serve the legal needs of this new day, and even if we were we would be most hesitant to promulgate such rules to replace doctrine long established. This would seem to be more properly for the legislature.

It follows from what has been said that the trial court was correct in its conclusion that the complaint did not state a cause of action and should be affirmed.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and NOBLE, JJ., not participating.