434 P.2d 376

The VERNON COMPANY, a corporation,
Plaintiff-Appellant,

v.

J. C. REED, d/b/a J. C. Reed Filter Service,
Defendant-Appellee.

No. 8427.

Supreme Court of New Mexico.

Dec. 4, 1967.

Harvey C. Markley, Lovington, for appellant.

L. George Schubert, Hobbs, for appellee.

## OPINION

NOBLE, Justice.

The Vernon Company (hereafter termed Vernon) has appealed from a judgment dismissing its complaint seeking recovery

for merchandise sold to J. C. Reed, doing business as J. C. Reed Filter Service.

The complaint alleged that plaintiff is "an Iowa corporation doing business in New Mexico." Defendant's second defense alleged that plaintiff had failed to comply with applicable § 51–10–4(a), N.M.S.A. 1953, and is barred from maintaining the action by § 51–10–5, N.M.S.A.1953. (These sections were repealed by § 135, ch. 81, Laws 1967 and new sections enacted.) In answer to inquiry by the court, counsel agreed that plaintiff, a foreign corporation, had not obtained the certificate required by § 51–10–4(a), N.M.S.A. 1953. Section 51–10–5, N.M.S.A. 1953, reads:

"Until such corporation so transacting business in this state shall have obtained said certificate from the state corporation commission, it shall not maintain any action in this state, upon any contract made by it in this state * * *."

■ The sole question presented is the claimed error in the court's denial of permission to amend the complaint. The record shows an answer to the complaint prior to the request to amend. After the filing of a responsive pleading, amendments may be made only by permission of the court. Rule of Civil Procedure 15(a) (§ 21–1–1 (15) (a), N.M.S.A. 1953). Amendments of pleadings should be permitted with liberality in the furtherance of justice, but such applications are addressed to the sound discretion of the court and its action in denying permission to amend is subject to review only for a clear abuse of discretion. In re Stern's Will, 61 N.M. 446, 301 P.2d 1094; Peoples v. Peoples, 72 N.M. 64, 380 P.2d 513. We then examine the record in the light of these rules.

Following the court's ruling that the complaint would be dismissed by reason of the admission of non-compliance with the statute requiring filing of the certificate of foreign incorporation, counsel for plaintiff requested permission to amend, saying:

"Well, we would ask the Court then at this time to allow us to amend to show—

I mean, it was apparently a verbal or a word mistake on my part because our method of doing business is not so that we are doing business in the state. It's an out-of-state firm."

The request was followed by:

"THE COURT: Well, you had an agent here soliciting this contract, didn't you?

"MR. MARKLEY: Yes, sir, but the acceptance of the order and the proceeds does not take place in the state; it takes place at the home office.

"THE COURT: All right, the case will be dismissed. Our law is clear on that."

■ The colloquy between the court and counsel makes it apparent to us that counsel requested permission to amend by striking the allegation of doing business in the state and alleging that while agents solicited in the state, acceptance of the order was at the home office of the company in a foreign state. The record makes it equally clear to us that the court so understood the request but construed our decisions to hold that mere solicitation of the contract in this state by an agent amounted to the transaction of business within the meaning of § 51–10–4, N.M.S.A. 1953, and that any action thereon is barred by § 51–10–5, supra. In this, we think the court erred. It is apparent to us that denial of the request to amend was not, under the circumstances, a denial in the exercise of a sound judicial discretion, but that the denial rested upon an erroneous construction of applicable law.

■ Assuming that the plaintiff could establish the facts which he sought to allege by the requested amendment, Abner Mfg. Co. of Wapakoneta, Ohio v. McLaughlin, 41 N.M. 97, 64 P.2d 387, is controlling. There, an agent for a foreign corporation took orders in this state for lighting systems and forwarded them to the company's home office, together with the customer's note for the purchase price. If the purchaser was approved for credit, the

order was accepted by an officer of the company and the merchandise was shipped from the factory. This, we said, constituted transactions in interstate commerce and did not amount to doing business in this state within the meaning of the statute. See, also, Annots. 60 A.L.R. 994 and 101 A.L.R. 126. It is immaterial that the orders in this case were solicited in New Mexico by an agent of the company who made the sale, if in fact they were required to be accepted at the principal office of the corporation in another state.

For the reasons stated, the case will be reversed and remanded with direction to vacate the judgment appealed from and to proceed further in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, J., and JOE W. WOOD, J., Court of Appeals, concur.