James A. BURRAN, Jr., Appellee and Cross-Appellant,

v.

James M. DAMBOLD and Maynard G. Fuller, Appellants and Cross-Appellees.

Nos. 232–69, 233–69.

United States Court of Appeals, Tenth Circuit.

Feb. 26, 1970.

S. B. Christy IV, Roswell, N. M. (John B. Doolin, Lawton, Okl., on the brief), for appellants and cross-appellees.

Paul A. Cooter, Roswell, N. M. (Robert A. Johnson and Rufus E. Thompson, Roswell, N. M., on the brief), for appellee and cross-appellant.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

The appeal in this New Mexico diversity suit involves the asserted mandatory application to the work of design engineers of a state building code adopted pursuant to statutory direction.[1] The cross-appeal raises the question of plaintiff's entitlement to prejudgment interest.

Plaintiff Burran was employed as the architect for the construction of a men's dormitory and student union on the campus of Eastern New Mexico University at Portales, New Mexico. He in turn contracted with the defendants Dambold and Fuller to perform the structural engineering for the project, part of which involved the construction of twelve steel and concrete structures known as umbrellas. The collapse of one of the um-

---

1. "67-16-18. Board to prescribe building standards, rules and regulations—Printing and distribution.—The contractors' license board is directed to issue orders prescribing minimum standards for the construction, alteration or repairing of buildings, other than in connection with plumbing, electrical wiring connected therewith, or the installation of gas piping and appliances, which orders shall substantially embody the applicable provisions of a Uniform Building Code of general usage in the United States, or in a clearly defined region of the United States, with due regard to physical, climatic and other conditions peculiar to the state.

"All orders, rules and regulations issued by the contractors' license board, under the provisions of this section, shall be printed and shall be distributed to all contractors licensed under the provisions of the Contractors' License Law [67-16-1 to 67-16-19]; said orders, rules and regulations shall take effect on a date fixed by the board therein, which shall not be less than thirty [30] days after the adoption of the same by the board, and shall have the force of law. All such orders, rules and regulations shall also be available for general distribution at the office of the board."

brellas and the performance of corrective work on all of them resulted in this lawsuit against Dambold and Fuller.

Burran seeks recovery of the sums he expended for the corrective work and bases his claim on alternative theories: (1) an indemnity agreement between the parties; (2) negligence of the engineers in design and preparation of the plans and specifications for the umbrellas. In due course the case was tried and submitted on both theories of recovery to a jury which returned a general verdict for Burran in the amount of $45,000.00. The engineers appeal from the judgment entered on the jury verdict, and Burran cross-appeals from the trial court's refusal to grant prejudgment interest.

■ The engineers' specific claim of error is that the trial court erred in instructing the jury that failure to comply with the state building code in the preparation of the plans and specifications for the umbrellas constituted negligence per se[2] and that the plaintiff was entitled to recover if the negligence per se was the proximate cause of his loss. It is indeed the law in New Mexico that one who violates a statute or ordinance is guilty of negligence per se and when as a proximate result thereof a person is injured damages may be recovered if the statute or ordinance was enacted for the benefit of the person injured. Zamora v. J. Korber & Co., 59 N.M. 33, 278 P.2d 569; Bouldin v. Sategna, 71 N.M. 329, 378 P.2d 370; Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945; Sanchez v. J. Barron Rice, Inc., 77 N.M. 717, 427 P.2d 240. It is undisputed that the contractors' license board is statutorily empow-

ered to adopt a building code having the force of law and has done so.[3] Dambold and Fuller admit that they did not adhere to the building code. They attempt to justify such failure by asserting that the building code does not apply to design engineers or to structures of this nature. The only question is whether the trial court erroneously construed the statute to apply to design engineers.[4]

Neither party has cited any case directly in point on the applicability of this or any similar statute to design engineers, and our independent research has revealed none. Putting ourselves in the posture of the New Mexico court and with due deference to the judgment of the New Mexico federal trial judge we must interpret the pertinent statutory language in the context of the purposes the legislative scheme was intended to serve.

■ Section 67–16–18 providing for the adoption of a building code is one of nineteen sections (Sections 67–16–1 through 67–16–19, New Mexico Statutes Annotated) comprising the "Contractors' License Law," i.e. see Footnote 1. These sections deal generally with the licensing and regulation of construction contractors. The pertinent statute was originally adopted as a single piece of legislation. The original title refers to it as an "act relating to the construction, alteration and repair of buildings; authorizing the contractors' license board to prescribe building standards, rules and regulations[.]" The text of the statute (67–16–18) specifically authorizes and directs the board to issue orders prescribing minimum

---

2. "You will determine whether or not the plans and specifications for the twelve concrete umbrellas were drawn and prepared by the defendants. If you find that the defendants did draw and prepare such plans and specifications, they had the duty to prepare the same, exercising skill, ability and judgment reasonably and without neglect.

"Any failure on their part to so do would be negligence. In addition, if the plans and specifications for the umbrellas were in violation of an applicable build-

ing code, this would be negligence on the part of the defendants."

3. The building code was introduced in evidence without objection, although it is not part of the record before us.

4. Dambold and Fuller do not contend that the building code was not designed to protect persons in Burran's class from the type of harm alleged to have occurred. Cf. Larrimore v. American Nat. Ins. Co., 184 Okl. 614, 89 P.2d 340.

standards for the construction, alteration or repairing of buildings. Plumbing, electrical wiring and the installation of gas piping and appliances are specifically exempted from the board's power to prescribe minimum standards. There are no other exemptions from the mandatory minimum standards of the code.

We think it would be anomalous to assume that the New Mexico legislature omitted to include design engineers in a comprehensive legislative scheme for the regulation of the construction industry in New Mexico with power in a board to promulgate and adopt minimum standards for the construction, alteration and repair of buildings. If the standards prescribed by the building code are to have any efficacy, they must be made applicable to every stage and phase of the regulated construction. The structural design is of course an integral part of the construction blueprint. And since the engineers do not contend that the code was not intended to benefit the architects as a class, we quite agree with the trial court that the statute is applicable to design engineers.

■ The engineers suggest that if the statute is construed to apply to them, it is unconstitutional. The answer to this contention is that the constitutional issue was never timely or properly presented to the trial court. The engineers claim that the issue was raised by their objection to the court's instruction on negligence per se.[5] We agree with the trial court's observation on motion for new trial that the objection was not sufficiently specific to raise the claim of constitutionality.

This brings us to Burran's cross-appeal from the trial court's denial of his claim for prejudgment interest. Burran did not ask for interest in the Complaint but sought it after the jury verdict was returned and before judgment was entered.

■ It is unquestionably the law in New Mexico that if an obligation arises from contract and the amount of the obligation is a matter of mere calculation, prejudgment interest may be allowed in a suit on the contract. Allsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 385 P.2d 625; O'Meara v. Commercial Insurance Company, 71 N.M. 145, 376 P.2d 486. Burran claims that his cause of action based on the identification contract brings him within the rule allowing prejudgment interest.

■ This would be so if we could be sure that the jury's verdict rested on the indemnity agreement. But we cannot. The general verdict does not enable us to determine if the jury based liability on the indemnity claim or on the tort claim. The general verdict was clearly sustainable on the negligence per se theory. And we will not rationalize the jury's verdict to say that it was based on the contract claim. We cannot say under these circumstances that the trial judge abused his discretion, if any, in denying prejudgment interest. Cf. O'Meara v. Commercial Insurance Company, supra, and Moorhead v. Stearns-Roger Manufacturing Company, 320 F. 2d 26 (10th Cir.), with Allsop Lumber Co. v. Continental Casualty Co., supra. The judgment of the trial court is affirmed.

Judgment affirmed.

---

5. Dambold and Fuller's objection to the instruction was as follows: "Number one, the instructions the Court gave with respect to violation of the building code would be negligence. The statute on that for contractors is 67–16–18 and the title to it makes it apply to contractors only, and not to engineers. The statute on the rules for the engineers is 67–21–1 at C and does not require an engineer to comply with building code and therefore, we feel that the instructions is incorrect on an instruction that amounts to negligence, per se."