500 P.2d 414

**John P. MONTANO, Plaintiff-Appellant,**

v.

**HOUSE OF CARPETS, INC., a New Mexico corporation, Defendant-Appellee.**

**No. 9336.**

Supreme Court of New Mexico.

July 14, 1972.

Rehearing Denied Aug. 11, 1972.

Donald C. Turpen, Albuquerque, for plaintiff-appellant.

Toulouse & Moore, Gallagher & Ruud, Albuquerque, for defendant-appellee.

OPINION

COMPTON, Chief Justice.

Appellant appeals from an adverse judgment denying his claim for a sales commission allegedly arising out of the installation of carpets in the State Capitol Building.

Appellant was employed by appellee, first as a commissioned salesman, and later in a supervisory capacity at a salary of $1,000.00 per month. The controversy arose from the transition from a commissioned salesman to that of a salaried super-

visor. Appellant alleged that appellee had agreed to pay him a five percent commission, in addition to his salary, on the Capitol Building project. Issue was joined by answer, and, following a hearing on the merits, the trial court found for the appellee. Judgment was entered accordingly, and appellant has appealed.

■ Appellant contends that the trial court erred in allowing the appellee to amend his answer at the commencement of the trial as to assert an affirmative defense. Under the provisions of 21–1–1(15)(a), N.M.S.A.1953 Comp., our rule 15(a) of the New Mexico rules of civil procedure, there is little question that a party may amend his answer, either by leave of court or by consent of the opposing party. Where justice requires, leave to amend will be freely given. Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200. A motion to amend is addressed to the sound discretion of the trial court and on review the ruling of the court will not be disturbed unless there is a clear showing of abuse of discretion. We fail to see wherein the court abused its discretion in allowing the amendment.

■ The trial court's findings number six and nine state:

6. That on or about July 9, 1966, plaintiff prepared and presented to defendant, prior to his acceptance of a position as sales manager with defendant company, a list of all customers, both residential and commercial upon which he claimed a commission as salesman; that he did not make any claim on that list for any commission or compensation due and owing him upon the State Capitol project; that the purpose of the list was to itemize for payment to him of any and all commissions then due him, or which would be due him in the future, prior to his accepting the job with defendant as sales manager; that it was defendant's general practice and custom, known to plaintiff, that commissions would not be paid until after all carpet was installed and the job accepted by the customer.

9. That on or about July 9, 1966, defendant paid plaintiff the sum of $1,848.-00, which represented all commissions plaintiff contended were due and owing by defendant on all sales and work up and through that date done by him.

Appellant attacks these findings as not being supported by substantial evidence. There is no support for the attack. The record is replete with substantial evidence that support the findings of the court. Findings will not be disturbed on appeal where supported by substantial evidence. Trujillo v. Romero, 82 N.M. 301, 481 P.2d 89; Cave v. Cave, 81 N.M. 797, 474 P.2d 480. These findings support the conclusion, "That there was no contractual agreement between plaintiff and defendant under which defendant would pay plaintiff any commissions or compensations for the State Capitol project."

■ Appellant further contends that he is entitled to recover on the theory of quantum meruit. The contention is without merit. The trial court found that the parties agreed on a salary basis and not on a commission. This finding is supported by substantial evidence and will not be disturbed on appeal. Trujillo v. Romero, supra. Martinez v. Research Park, Inc., supra.

Other questions urged for a reversal of the judgment have been considered and are found to be without merit. The judgment should be affirmed and it is so ordered.

OMAN and MONTOYA, JJ., concur.