520 P.2d 273

**CONSTRUCTORS, LTD., Plaintiff-Appellant,**

v.

**Erminio GARCIA and Joe E. Garcia, Defendants-Appellees.**

No. 9829.

Supreme Court of New Mexico.

March 22, 1974.

———◆———.

L. A. McCulloch, Jr., Albuquerque, for plaintiff-appellant.

H. O. Waggoner, Albuquerque, for defendants-appellee.

## OPINION

MARTINEZ, Justice.

Plaintiff (appellant) filed two suits in the District Court of Bernalillo County on December 17, 1971, one against Erminio Garcia, the other against Joe Garcia. Appellant sought in both suits to recover an amount due on a contract for the construction of two houses and a note executed by both defendants for the deepening of a well and the furnishing of a septic tank. Defendants (appellees) answered separately on June 17, 1972 and each filed a counterclaim against appellant claiming damages for breach of contract. Both suits were consolidated for trial on April 17, 1972.

The consolidated case came on for hearing on the merits on July 5, 1972 at which time appellees moved to amend their answers which was objected to by appellant, but allowed by the trial court. The case was then heard on the merits on January 10, 1973 and judgment was entered on April 26, 1973. The trial court awarded appellant recovery on the contracts, denied appellant recovery on the note, and awarded appellees damages on their counterclaims. It is from this judgment that appellant makes his appeal. Appellees, in turn, seek an award claiming that appellant has filed a frivolous appeal.

Appellant has raised three points on appeal, the first being that the trial court committed an abuse of discretion by allowing appellees to amend their answers

at the time of the first hearing on the merits. The amendment allowed in both answers was to the effect that there was no consideration for the promissory note. Rule 15(a), Rules of Civil Procedure [§ 21–1–1(15)(a) N.M.S.A.1953 (Repl. Vol. 4, 1970)], provides, in part, that leave to amend shall be freely granted by the trial court when justice so requires. See also, Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965). We have held that a motion to amend is addressed to the discretion of the trial court and on review the court's ruling will not be disturbed unless an abuse of discretion has occurred. Montano v. House of Carpets, Inc., 84 N.M. 129, 500 P.2d 414 (1972). We fail to see such an abuse of discretion in the instant case. Therefore, appellant's contention in this regard is without merit.

■ Appellant's second point on appeal is that the trial court's finding of fact number three is not supported by the evidence. The challenged finding reads as follows:

"3. That on or about February 24, 1971, Plaintiff prevailed upon the Defendant to execute a promissory note to the Plaintiff in the sum of $533.25 to pay for deepening the water well and furnishing a septic tank, as well as an extra window in the amount of $48.00, even though by the construction contract * * * said well was provided therein and in the plans and specifications * * * both the well with a depth not specified and the septic tank were to be furnished by the Plaintiff and included in the construction contract for the $15,000 provided therein; but the window was an extra ordered by Defendant."

Justice Montoya has reiterated this Court's position in regard to challenged findings of fact on appeal.

"It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). Substantial evidence means such relevant evidence as a reasonable mind might find adequate to support a conclusion. Cave v. Cave, supra."

Tome Land & Improvement Co., v. Silva, 83 N.M. 549, 552, 494 P.2d 962, 965 (1972). See also, Silva v. Noble, 85 N.M. 677, 515 P.2d 1281 (1973).

We have examined the trial record and find that the trial court's finding of fact number three is supported by substantial evidence. Therefore, appellant's contention in this regard is without merit.

■ Appellant's final point is that the trial court's findings of fact numbers four and five, as well as its conclusion of law number one, are not supported by the evidence. In making its finding number four, the trial court determined that plaintiff had never completed appellees' houses and that the work actually performed was negligently and carelessly done which will require Erminio to expend $1500.00 and Joe Garcia $2500.00 for repairs. The trial court determined in its finding number five that appellant failed in many instances to construct the houses according to the plans and specifications thereby necessitating many repairs to bring the construction within reasonable compliance with the plans and specifications. In its conclusion of law number one, the court held that appellees each owed appellant $1,000.00 under the construction contracts, but that appellant owed Erminio $1500.00 and Joe Garcia $2500.00, plus a reasonable amount for expert witness fees. Suffice it to say that we have examined the evidence in this case and find that the challenged findings and conclusion find substantial support in the evidence. Therefore, they will be affirmed on appeal. Tome Land & Improvement Co. v. Silva, supra.

■ Appellees contend that the instant appeal is frivolous and request that an award should be made to them by this Court pursuant to § 21–2–1(17)(3), N.M. S.A.1953 (Repl. Vol. 4, 1970). Any doubts

as to the frivolous nature of an appeal should be resolved in favor of the appellant. Miller v. Connecticut General Life Insurance Co., 84 N.M. 321, 502 P.2d 1011 (Ct.App.1972). See also, Rogers v. Garde, 33 N.M. 245, 264 P. 951 (1928). Since the frivolous nature of the instant appeal is doubtful, appellees' request is therefore denied.

The judgment of the trial court is affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.