625 P.2d 1187

**Joel M. HERNANDEZ, by his Father and Next Friend, Juan L. Hernandez and Juan L. Hernandez, Individually, Plaintiffs-Appellants,**

v.

**Richard L. BROOKS, W. L. Brooks and Mary L. Brooks, Defendants-Appellees.**

No. 4170.

Court of Appeals of New Mexico.

April 17, 1980.

Certiorari Denied Aug. 25, 1980.

George L. Watkins and Lon P. Watkins, Watkins & Watkins, Carlsbad, for appellants.

Paul M. Bohannon and Richard E. Olson, Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, for appellees.

## OPINION

LOPEZ, Judge.

Defendant Richard Brooks, age 16, was driving a car in which his mother, Mary Brooks, was a passenger, when he hit Plaintiff, Joel Hernandez, age 13, who had just alighted from a school bus and was proceeding to cross the street. Plaintiffs appeal from a judgment entered on a jury verdict for Defendants. We hold that it was reversible error for the court to instruct the jury to the effect that Plaintiff (Joel Hernandez) was negligent as a matter of law if he darted into the path of the vehicle when it was too close to yield.

On April 15, 1977, Richard Brooks struck and injured Joel Hernandez when the latter, on his way home from school, was crossing Standpipe Road in Eddy County, having just stepped off the school bus. The signals on the bus were flashing, and the bus driver testified that she also honked her horn to warn Richard, who was approaching from the opposite direction, to stop. He did not do so, however, until after he had hit the child, despite the fact that he noticed the stopped bus while he was still one-quarter to one-half mile away from it.

■ Plaintiffs contend that Instruction No. 4, given to the jury by the court, was reversible error. That instruction read:

There was in force in the state at the time of the occurrence in question a certain statute which provided that:

N.M.Stat.Ann., Sec. 64–18–33(b) (1953): No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

If you find from the evidence that the plaintiff conducted himself in violation of this statute you are instructed that such conduct constituted negligence as a matter of law.

Sec. 64 18 33 [now codified as § 66–7–334, N.M.S.A. 1978] is inapplicable to the case at bar. The section is entitled "Pedestrians' right-of-way in crosswalks." It is applicable to an ordinary pedestrian in a crosswalk. Subsection (a) directs a driver approaching a pedestrian there to *yield* the right of way. The statute in effect at the time of the accident that applied where children were getting on or off a school bus stopped with its signals flashing commanded the approaching driver to come to a complete *stop*. Section 64 18–46, N.M.S.A. 1953 [now codified as § 66–7–347, N.M.S.A. 1978]. That statute read in part:

*Overtaking and passing school bus.*—A. The driver of a vehicle upon approaching or overtaking from either direction any school bus which has stopped on the roadway, with special school bus signals in operation, for the purpose of receiving or discharging any school children, shall stop the vehicle at least ten [10] feet before reaching the school bus and shall not proceed until the special school bus signals are turned off, the school bus resumes motion or until signaled by the driver to proceed.

Sections 64 18 33 and 64–18–46 apply to entirely different situations, and prescribe different duties. It is reversible error for a court to give instructions relating to § 64–18 33 when the statute has no applicability under the facts of the case. *Pitner v. Loya*, 67 N.M. 1, 350 P.2d 230 (1960). If the jury believed that Joel Hernandez darted, rather than walked, across the street, it was practically required by Instruction No. 4 to reach a verdict for the Defendants. In these circumstances, this instruction was similar to a directed verdict for the Defendants. It was clearly reversible error to give this instruction.

■ Section 64 18–33(b) [now § 66–7–334(B)] describes what constitutes contributory negligence on the part of an ordinary pedestrian in a cross-walk. There is no similar provision in § 64–18 46 [now § 66–

7–347] to indicate what might constitute contributory negligence by a child crossing the street after alighting from a school bus. In the absence of any specific directive, we presume that the legislature intended the usual standard of the contributory negligence of a child to apply. The correct test in determining the contributory negligence of a child is whether he exercised that degree of care ordinarily exercised by children of like age, capacity, discretion, knowledge, and experience under the same or similar circumstances. *Saul v. Roman Catholic Church*, 75 N.M. 160, 402 P.2d 48 (1965); *see, Zamora v. J. Korber & Co.*, 59 N.M. 33, 278 P.2d 569 (1954). It was error to instruct the jury on any other standard of contributory negligence.

■ Although Plaintiffs' other point on appeal—that it was reversible error for the trial court to deny them leave to amend the complaint so as to allege gross negligence—is moot, we note that Plaintiffs should be allowed to so amend their complaint within a reasonable time prior to the new trial. In New Mexico, one who violates a statute or ordinance is guilty of negligence *per se*, if the statute or ordinance was enacted for the benefit of the class of persons to which the injured person belongs. *Bouldin v. Sategna*, 71 N.M. 329, 378 P.2d 370 (1963); *Zamora*. We can see no reason for the enactment of § 64–18–46 [now § 66–7–347] other than to protect school children boarding or alighting from a school bus *from injury from oncoming* motorists. Consequently, Richard Brooks is guilty of negligence *per se*. When a statute has been violated, the jury might find not only ordinary negligence, but also gross negligence, depending on the circumstances. *Gray v. Esslinger*, 46 N.M. 421, 130 P.2d 24 (1942). Since amendments to pleadings shall be permitted with liberality in the furtherance of justice [*Vernon Co. v. Reed*, 78 N.M. 554, 434 P.2d 376 (1967)], we believe that Plaintiffs should be allowed to amend their complaint to allege gross negligence before the case is retried.

The judgment of the lower court is reversed, and the cause is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

WALTERS, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

The accident which is the subject matter of this case occurred on April 15, 1977. Brooks, sixteen years of age, accompanied by his mother and younger sister, was operating an automobile north on Standpipe Road, a country road, in the direction of Radio Boulevard in Eddy County. The school bus was headed south on Standpipe Road and stopped at the intersection of Standpipe Road and Radio Boulevard. The school bus discharged Hernandez, age 13 years, among other students.

As Brooks approached the intersection, Hernandez exited from the bus. Before exiting "horseplay" occurred between Hernandez and fellow students. A fellow student hit Hernandez in the behind and told him to "hurry up." Hernandez stepped off the bus, darted into the street and trotted or ran across Standpipe Road. Brooks immediately slammed on his brakes, but Hernandez was too close to avoid striking him.

Hernandez had lived in this area all of his life. He was aware of the 40 mph speed limit and that cars ofttimes travelled at speeds in excess of the posted limit even though school buses were in the area. He was warned numerous times both by his parents and by the school bus driver to look before crossing the road but he failed to do so.

The jury returned a verdict for Brooks and Hernandez appeals. We should affirm. Hernandez had a fair trial.

Hernandez raises two issues on appeal:

(1) The court erred in denying plaintiff's motion to amend his complaint to show gross negligence in order to claim punitive damages.

(2) The court erred in giving Instruction No. 4 relating to duties of a pedestrian.

A. *The trial court did not abuse its discretion in denying amendment of complaint.*

Plaintiffs' complaint was filed on October 26, 1978. At a pretrial hearing held on April 24, 1979, nine days before the case was set for trial on May 3, 1979, plaintiffs sought to amend the complaint to seek punitive damages. Unless both parties agreed to vacating the trial setting, the court announced that it would deny the motion. Defendants objected and the motion to amend was denied.

The rule is well established that a motion to amend pursuant to Rule 15(a) of the Rules of Civil Procedure is addressed to the discretion of the trial court and on review the court's ruling will not be disturbed absent an abuse of discretion. *Constructors Ltd. v. Garcia*, 86 N.M. 117, 520 P.2d 273 (1974); *Montano v. House of Carpets, Inc.*, 84 N.M. 129, 500 P.2d 414 (1972); *Vernon Company v. Reed*, 78 N.M. 554, 434 P.2d 376 (1967); *Gillum v. Southland Life Insurance Company*, 70 N.M. 293, 373 P.2d 536 (1961); *In re Stern's Will*, 61 N.M. 446, 301 P.2d 1094 (1956). In the cases cited, the court held it was not an abuse of discretion to allow the amendment, because the right to amend should be liberally allowed. But before a party can claim an abuse of discretion, it must be shown in what way he was injured. When not explained, we are not in a position to find an abuse of discretion. *Pope v. Lydick Roofing Company of Albuquerque*, 81 N.M. 661, 472 P.2d 375 (1970).

In the instant case, nine days before trial, Hernandez sought to include a claim for punitive damages. In the absence of liability, Hernandez was not injured. Even though Hernandez sought an amendment during trial, the evidence presented was not sufficient to warrant such a claim. In this respect, Hernandez was not entitled to amend. Ofttimes we forget that to constitute an abuse of discretion, a court must act beyond the bounds of reason. This fact cannot be drawn from the circumstances surrounding the Hernandez' request to amend. Points of view of district and appellate judges may differ. It is true that any reasonable doubts should be resolved in favor of a party to a tort claim who seeks to amend, plaintiff or defendant, but, in making a determination of whether an abuse of discretion occurred, all reasonable doubts should be resolved in favor of the trial court.

I do not agree with Brooks with reference to the timeliness of the motion. It is true that trial settings are to be taken seriously; that when amendments are suggested that would require additional discovery, and delay trial, amendments should not be allowed. *Mercantile Trust Company National Association v. Inland Marine Products*, 542 F.2d 1010 (8th Cir. 1976). That was not true in the instant case. A claim for punitive damages in a tort claim is determined from the evidence readily available to a defendant from the time of the accident. Further discovery was unnecessary.

What is meant by abuse of discretion. To define "abuse of discretion" is as difficult as defining "discretion." In *State v. Kincheloe*, 87 N.M. 34, 528 P.2d 893 (Ct.App. 1974), Sutin, J., dissenting, the views of other courts were expressed. In effect, an abuse of discretion results when the district court acts so palpably and grossly violative of fact and logic that it evidences perversity of will, defiance of judgment, passion or bias; that such result was brought about by temper, humor, caprice, passion, prejudice, perversity of will, discrimination or partiality; that no conscientious judge acting intelligently, could honestly have taken the action it did.

In the instant case, the district judge acted forthright, fairly and honestly in denying Hernandez the right to amend the complaint.

The trial court did not abuse its discretion.

B. *Instruction relating to duty of pedestrian was proper.*

The court instructed the jury as follows:

There was in force in the state at the time of the occurrence in question a certain statute which provided that:

N.M.Stat.Ann., Sec. 64–18–33(b) (1953): No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

If you find from the evidence that the plaintiff conducted himself in violation of this statute you are instructed that such conduct constituted negligence as a matter of law.

The majority opinion holds this instruction erroneous. I disagree.

The court also instructed the jury:

A child is not necessarily held to the same standard of conduct as an adult. By the term "ordinary care" with respect to a minor I mean that degree of care which a reasonably careful child of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence.

\* \* \* \* \* \*

There was in force in the state at the time of the occurrence in question a certain statute which provided that: The driver of a vehicle upon approaching or overtaking from either direction any school bus which has stopped on the roadway, with special school bus signals in operation, for the purpose of receiving or discharging any school children, shall stop the vehicle at least ten (10) feet before reaching the school bus and shall not proceed until the special school bus signals are turned off, the school bus resumes motion or until signaled by the driver to proceed. [Section 66–7–347(A), N.M.S.A. 1978.]

Hernandez argues that the effects of this last instruction were totally ignored in the giving of the one above declared to be erroneous. The opposite is true. These two instructions affected the negligence of Hernandez and Brooks. The instruction that fixed the standard of care for a "child," left the determination of the dispute in the minds of the jury. Brooks was admittedly negligent, but negligence absent proximate cause does not establish liability. The jury believed that Hernandez was contributorially negligent, and his conduct was the proximate cause of his injury and damages. The verdict of the jury is controlling.

Hernandez cannot reasonably argue that the giving of the instruction was erroneous, nor that it constituted an instruction for the jury to return a verdict in favor of Brooks.

An interesting development arose over this matter. The record shows that the court refused to give the first instruction set forth above requested by defendant and then gave it. When Hernandez objected to the instruction being given, the court said:

[I]f the jury believes the Defendants ... that Joel Hernandez was the only one who ran out in front of—and there was nobody else, and they would accept that theory, they can find that he was contributorily [sic] negligent if he darted out so quickly that it didn't give the driver a chance to stop. I want to inject in the record ... that if they find in favor of the Defendant ... and I call them back in and they found in favor of the Defendant on this Instruction alone and not because they believe the story of ... Brooks, then the Court will instruct them at that point that there is no contributory negligence and they are to go back and decide the damages.

After a verdict was returned in favor of Brooks, the court, over the objection of Brooks, not Hernandez, made its inquiry to the jury. The following response was received:

We are in agreement that the Brooks did not testify that Joel preceded George into the intersection.

The court then had the testimony of Richard and Mary Brooks read to the jury and submitted the following written inquiry:

Do you believe the testimony of the Defendants, Richard Brooks and Mary Brooks that Joel Hernandez entered the intersection first and was not preceded by George Garcia?

The jury answered "yes."

The judgment survived.

Hernandez now vigorously disapproves the conduct of the court because it did not submit the inquiry upon the claimed erroneous instruction. Common sense dictates that absent objection, a party cannot later complain in a court of review of the inquiry made unless the error claimed is so plain that it constitutes prejudicial error or is inconsistent with substantial justice. See, Rule 103(d) Rules of Evidence as applied to Rulings on Evidence.

It should be pointed out as a matter of caution that a district judge should not confidently probe the mental interiors of the jurors. It is esoteric that to interrogate the jurors on what evidence or instruction influenced them in arriving at a verdict is outside the perimeter of a judge's duties. To commend this practice would lead to endless confusion when presented to a court of review. After the trial is over, district judges are forbidden to interrogate them or even to listen to their voluntary statements concerning the way they reached this verdict. If it is fairly apparent that the verdict rendered could have been reached by the jury in its senses, the verdict should not be disturbed except, upon reflection, that the error committed was so harmful or prejudicial as to demand a new trial.

Hernandez is not entitled to a new trial.